Filed 4/29/16  P. v. Taylor CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
|     Plaintiff and Respondent, | E065107 |
| v. | (Super.Ct.No. RIF139865) |
| TANYA FELICIA TAYLOR, | OPINION |
|     Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.
Affirmed.

Tanya Felicia Taylor, in pro. per.; and Richard Schwartzberg, under appointment
by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Tanya Felicia Taylor appeals from an order denying her
petition for resentencing and to reduce her current offenses to misdemeanors under the

1

Safe Neighborhoods and Schools Act (Proposition 47). (Pen. Code, § 1170.18.)[1] We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND[2]

A.    *Present Offenses*

On October 29, 2007, defendant entered a business called "Check Cashing" and attempted to cash a check in the amount of $150,000. The check was made payable to "Tanya Taylor" (defendant) from the "Valley Queen Cheese Factory." Defendant claimed the check was for a discrimination claim against a company she had worked for about six years earlier.

Police were subsequently alerted. Riverside County Sheriff's Deputy Anthony Gannuscio responded to the call. Defendant told him that she was trying to cash the $150,000 check awarded to her for a discrimination claim.

Investigation revealed that defendant had never worked for Valley Queen Cheese Factory and that company had never been the subject of any discrimination litigation.

_____

[1] All future statutory references are to the Penal Code unless otherwise stated.

[2] The factual and procedural background is taken from this court's nonpublished opinion affirming the denial of defendant's petition to recall her sentence under the Three Strikes Reform Act of 2012, added by Proposition 36 (as approved by voters, Gen. Elec. (Nov. 6, 2012) (see *People v. Taylor* (Feb. 27, 2015, E059227) [nonpub. opn.]). We note that this court affirmed defendant's current convictions in defendant's prior appeals (see *People v. Taylor* (July 31, 2009, E046225) [nonpub. opn.] and *People v. Taylor* (Mar. 8, 2011, E050082) [nonpub. opn.]).

The check in question was fraudulent, and the company had problems with fraudulent checks.

B.  *Prior Convictions*

Defendant's criminal history, excluding her prior strike convictions, includes offenses for misdemeanor battery (§ 243, subd. (e)) in 1997, misdemeanor false impersonation (§ 529) in 1998, and misdemeanor forgery (§ 475, subd. (a)).  In each of those cases, defendant was granted probation along with a jail commitment.

From November 25, 1998 to December 20, 1998, defendant participated in a series of armed robberies; gun shots were fired during seven of them.  Defendant was the getaway driver for these robberies.  She was on parole for about a year and a half for these robberies when she committed the current offenses.

Defendant was arrested on December 21, 1998, along with the two male suspects. She was apprehended while attempting to cash a large number of the lottery tickets stolen the previous day.  During the investigation, officers discovered that defendant had used her vehicle to transport the armed robbers and was the getaway driver.  Defendant shared the proceeds from the robberies with the male suspects.

On December 10, 2000, defendant was convicted of multiple serious felonies, including one count of attempted robbery (§§ 664, 211), 15 counts of robbery (§ 211), one count of assault with a firearm (§ 245, subd. (a)(2)), and three counts of assault with a semiautomatic firearm (245, subd. (b)), resulting in a sentence of 14 years in state prison.

Defendant served about six years in state prison before she was released on parole on May 12, 2006. Defendant violated parole on October 29, 2007, when she committed the instant offenses.

C.      *Procedural Background of the Current Offenses*

In a bifurcated proceeding, a jury found defendant guilty of one count of second degree burglary (§ 459) (count 1) and one count of possession of a check with the intent to defraud (§ 475, subd. (c)) (count 2). Defendant subsequently admitted having sustained 20 prior strike convictions within the meaning of sections 1170.12 and 667 and one prior prison term within the meaning of section 667.5. On May 16, 2008, the trial court dismissed 19 of defendant's prior strikes and sentenced her to a total term of seven years in state prison.

In the first appeal, the People appealed, arguing the trial court abused its discretion in granting the motion to strike 19 of the prior strike convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). (§ 1238, subd. (a)(10).) We agreed with the People, reversed the ruling, and remanded the matter to the trial court to resentence defendant (*People v. Taylor*, *supra*, E046225).

The resentencing hearing was held on January 8, 2010. After reviewing the supplemental *Romero* motion and hearing argument from counsel, the trial court declined to strike any of the 19 prior strike convictions. The court then sentenced defendant to 25 years to life on count 1; 25 years to life on count 2, stayed pursuant to section 654; and

4

one year on the prison prior, for a total indeterminate term of 26 years to life in state prison.

Defendant subsequently appealed, arguing her 26-year-to-life term constituted cruel and unusual punishment in violation of the state and federal Constitutions. In an unpublished opinion filed on March 8, 2011, we rejected defendant's contention and affirmed the judgment (*People v. Taylor*, *supra*, E050082).

On November 6, 2012, the electorate passed the Three Strikes Reform Act of 2012, added by Proposition 36 (as approved by voters, Gen. Elec. (Nov. 6, 2012)) (the Reform Act). (§ 1170.126.) Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the "Three Strikes" law to file a petition in the sentencing court seeking to be resentenced to a determinate term as a second striker. (§ 1170.126, subd. (f).) If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant. (§ 1170.126, subds. (f), (g).)

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she "is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).)

On December 4, 2012, defendant wrote a letter to the Riverside County Public Defender's office inquiring as to how she could seek resentencing under the Reform Act. On December 14, 2012, the trial court appointed a public defender to represent defendant, notified the district attorney, and set a hearing for the following month. The public defender who had represented defendant at her trial and at her resentencing hearing was assigned to represent defendant.

In January, February, and March 2013, five hearings in defendant's absence were held in regard to defendant's petition. On May 23, 2013, the prosecutor informed the court that defendant's public defender had declared a conflict. The court thereafter appointed another public defender to represent defendant.

The trial court heard defendant's petition to recall her sentence under section 1170.126 on June 27 and July 19, 2013. At that time, the court reviewed documentary evidence submitted by the parties. When filing her petition, defendant had submitted various prison records documenting her accomplishments and behavior while incarcerated. While these records showed various achievements, they also revealed numerous and repeated rule violations and infractions. In addition, defendant had submitted two institutional "laudatory chrono" reports ("chronos") documenting her behavior purportedly from two different correctional officers, praising her for her exemplary behavior and affirming that she was prepared to reenter society. These "chronos" were provided by defendant personally to defense counsel. Because these

6

"chronos" were different from defendant's overall behavioral history while in prison, the prosecutor suspected fraud.

At the petition to recall hearing, the court also heard testimony from the two correctional officers who had allegedly authored the "chronos." Both of the officers testified that they had never issued the "chronos" on behalf of defendant; that they had never signed the "chronos"; and that the "chronos" were fake. The court also heard testimony from two inmates that had been housed with defendant. The inmates claimed that defendant had asked them to ask the correctional officer for defendant's "chronos." The court also heard testimony from defendant. Defendant claimed that she had no knowledge the "chronos" were fraudulent. She explained that she had asked the correctional officers for them; that they had arrived in her cell some time later; and that she had assumed the "chronos" came from the correctional officers since she had asked the officers for them.

The court thereafter questioned defendant. During the colloquy between defendant and the court, defendant acknowledged that she did not have any positive "chronos" from correctional officers; that she had many run-ins with the officers for cussing at them and arguing with them. That colloquy also enumerated many rules violations and infractions committed by defendant including instances of mutual combats, numerous failures to report to her job assignments, failures to participate in rehabilitative programs, interferences with prison head counts, fighting, disobeying orders, and falsification of documents. Defendant had presented a forged pass from a

correctional officer who had not been working on the date it was issued to see a counselor; she had also forged a document for appeal in the prison system.

Following argument from counsel, the court denied defendant's petition. The court observed that defendant's recalcitrant behavior in prison showed her immaturity and lack of insight and found that defendant's attempt to defraud the court by submitting the fake "chronos" in support of her petition demonstrated a calculated and deliberate willingness to deceive the court for her own purposes. In light of the circumstances, the court concluded that defendant continued to pose a substantial danger to public safety and that although defendant may not commit a violent crime, the court had no doubt defendant would continue her pattern of manipulative behavior thereby constituting a substantial risk of financial devastation to others.

Defendant appealed from that order on July 23, 2014, arguing the trial court erred in denying her section 1170.126 petition to recall her sentence. In an unpublished opinion filed on February 27, 2015, we rejected defendant's contentions and affirmed the judgment (*People v. Taylor*, *supra*, E059227).

On November 4, 2014, voters enacted Proposition 47. It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, Proposition 47 classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or "wobblers," unless they were committed by certain ineligible defendants. (§ 1170.18, subd. (a).)

Proposition 47 also included a provision that allows certain offenders to seek resentencing. Defendants who are serving a sentence for a felony that would have been a misdemeanor had Proposition 47 been in effect at the time of the offense may file a petition for recall of sentence. (§ 1170.18.)

On March 16, 2015, defendant, through counsel, filed a petition for resentencing under section 1170.18. On March 17 and July 9, 2015, the People filed responses opposing resentencing on various grounds. Specifically, the People argued that defendant was ineligible because defendant entered a bank, not a "commercial establishment" within the meaning of section 459.5, and tried to cash a fraudulent check in the amount of $150,950.20. In the alternative, the People asserted that defendant posed an unreasonable risk of danger to public safety.

Following a hearing on November 20, 2015, the trial court denied defendant's section 1170.18 petition, finding the loss exceeded $950.

On December 31, 2015, defendant filed a timely notice of appeal.

II

DISCUSSION

After defendant appealed, upon her request, this court appointed counsel to represent her on appeal. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

9

We offered defendant an opportunity to file a personal supplemental brief, and she has done so. In her supplemental brief, defendant purports to challenge her current convictions and asks this court to take into consideration section 1385. She asserts that the check "was one of those check scams," the check was never cashed or signed, there was no harm to the business owner, and she has not been convicted of a "super-strike." She further reiterates arguments made in her last appeal from the denial of the section 1170.126 petition, such as the judge who had initially sentenced her should have heard her petitions. Finally, she makes contentions relating to the unreasonable risk of danger to public safety component of section 1170.18, believing the court denied her petition because she posed an unreasonable risk of danger. Defendant's arguments are without merit.

As previously noted, on November 4, 2014, voters approved Proposition 47, which went into effect the next day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) Proposition 47 reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, section 1170.18. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 889-890.) Section 1170.18 creates a process through which qualified persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)

Specifically, section 1170.18, subdivision (a), provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Thus, in order to be eligible for resentencing, defendant must be a person "who would have been guilty of a misdemeanor" if Proposition 47 had been in effect at the time of his offense. (§ 1170.18, subd. (a).)

Section 1170.18, subdivision (b), states: "Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor pursuant to Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, those sections have been amended or added by this act, unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

In exercising its discretion as to whether a defendant poses an unreasonable risk, a trial court is authorized to consider, among other things, defendant's criminal conviction

history and any other relevant evidence. (§ 1170.18, subds. (b)(1)-(b)(3); see *People v. Shabazz* (2015) 237 Cal.App.4th 303, 310, fn. 3.) " ' "Unreasonable risk of danger to public safety" ' " is defined in section 1170.18, subdivision (c), thusly, " 'An unreasonable risk that the petitioner will commit a new violent felony within the meaning of [section 667, subdivision (e)(2)(C)(iv)].' " (See *People v. Smith* (2015) 234 Cal.App.4th 1460, 1468-1469.)

Defendant was convicted of a violation of section 459, which provides, "Every person who enters any . . . building . . . with intent to commit grand or petit larceny or any felony is guilty of burglary." Proposition 47 created the new crime of "shoplifting," a misdemeanor offense that punishes certain conduct that previously would have qualified as a burglary. Now codified at section 459.5, the statute added by the initiative provides: "(a) Notwithstanding Section 459 [the burglary statute], shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950)." By its terms, section 459.5 did not redefine second degree burglary; that new statute is limited to entry into a commercial establishment during regular business hours with the intent to commit larceny under $950. Here, defendant was ineligible as a matter of law because she attempted to cash a fraudulent check in an amount greater than $950.

Defendant was also convicted of willfully and unlawfully possessing a completed check with the intent to defraud in violation of section 475, subdivision (c).

Proposition 47 reduced certain types of forgeries, including forgery by check pursuant to section 475, as long as the value of the check does not exceed $950.  (§ 473, subd. (b).)  Again, in the present matter, defendant was ineligible as a matter of law because the value of the check exceeded $950.

Defendant's attempts to relitigate the issues raised in her prior appeals is unavailing.  The only issue before the trial court in the instant appeal was whether defendant was eligible to be resentenced under section 1170.18.  None of defendant's contentions relate to this narrow issue.  The trial court denied defendant's section 1170.18 petition, finding she was ineligible solely because the loss exceeded $950.  The trial court did not rule in the alternative, as defendant purports to believe, i.e., whether she posed an unreasonable risk of danger to public safety.

Moreover, " '[t]he rule of "law of the case" generally precludes multiple appellate review of the same issue in a single case.' "  (*In re Rosenkrantz* (2002) 29 Cal.4th 616, 668.)  " '[A] question presented and decided by an appellate court becomes thereafter the law of the case and . . . the rule is binding on the appellate court if the case again comes before it after having gone down to the lower court for further proceedings, the facts on the second appeal being the same as on the first.  The reason of the rule is apparent.  This court having declared the law, and the parties and the court below having acted upon it, as a matter of policy, the law as thus declared and acted upon, whether right or wrong, cannot afterward be changed.  But for this salutary rule, litigation might go on indefinitely[.]' [Citation.]"  (*People v. Neely* (1999) 70 Cal.App.4th 767, 782.)

"Application of the rule is now subject to the qualifications that 'the point of law involved must have been necessary to the prior decision, that the matter must have been actually presented and determined by the court, and that application of the doctrine will not result in an unjust decision.' [Citations.]" (*People v. Shuey* (1975) 13 Cal.3d 835, 842.) Here, several of the identical issues defendant asserts in her supplemental brief were asserted in either the first, second, or third appeals, and those issues are based on the same law and facts.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The order denying defendant's Proposition 47 petition for resentencing and to reduce her current convictions to misdemeanors is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


McKINSTER
J.