Filed 6/17/16  P. v. Gonzalez CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063493 |
| v. | (Super.Ct.No. RIF1202743) |
| PASCUAL GONZALEZ JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Laurel M. Nelson, under appointment by the Court of Appeal, for Defendant and

Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General,

A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for

Plaintiff and Respondent.

1

Defendant and appellant Pascual Gonzalez Jr. appeals from an order denying his motion to reconsider the summary denial of his petition to reduce his felony conviction for petty theft with a prior (Pen. Code, §§ 484, subd. (a) & 666, subd. (a))[1] to a misdemeanor pursuant to Proposition 47.  On appeal, he argues that (1) the trial court denied his due process rights when it summarily denied his petition without allowing him to present evidence or challenge the People's evidence; and (2) the trial court erred in finding he did not qualify for reduction of his felony conviction to a misdemeanor under Proposition 47.  For the reasons explained below, we reject defendant's contentions and affirm the order.

## I

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2012, defendant stole a backpack, including all of its contents, which was on the victim's bed at a homeless shelter.  The backpack's contents included the victim's passport, a religious scroll of paper given to the victim by a Buddhist monk in Japan, U.S. currency, Japanese currency, Vicodin pills, reading glasses, silver dollar certificates, a cellphone charger, an EBT card, credit cards, debit cards, a religious book, stamps, bus passes, and important papers.

On June 1, 2012, a felony complaint was filed charging defendant with felony petty theft with a prior (§§ 484, subd. (a) & 666, subd. (a)).  The complaint further alleged that defendant had suffered four prior prison terms (§ 667.5, subd. (b)) and one

---

[1]  All future statutory references are to the Penal Code unless otherwise stated.

prior serious and violent felony strike conviction (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1)).

On June 12, 2012, pursuant to a plea agreement, defendant pled guilty to felony petty theft with a prior and admitted he had suffered one prior prison term and one prior strike conviction. In return, defendant was promised an agreed upon term of three years eight months in state prison and dismissal of the remaining allegations.

The sentencing hearing was held on June 19, 2012. At that time, the victim made statements and estimated the value of some of the stolen property as follows: backpack ($70); Vicodin pills ($75); passport ($75); five pair of reading glasses ($50); silver dollar certificates ($47); and cash ($10). The victim also submitted a list of the items and their values, and the cost of travelling to Japan to replace the scroll at $3,400. The victim noted that the Japanese currency had been returned to him. The trial court indicated to the victim that he would not be reimbursed for the cost to travel to Japan. The court also noted that the religious scroll would be "impossible to value, because it had sentimental worth." The court ultimately awarded the victim $1,000 in victim restitution. Defense counsel had no objection to the victim restitution award. Defendant was thereafter sentenced in accordance with his plea agreement.

On November 4, 2014, voters enacted Proposition 47, entitled "the Safe Neighborhoods and Schools Act" (the Act). It went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) As of its effective date, the Act classifies as misdemeanors certain drug- and theft-related offenses that previously were felonies or

"wobblers," unless they were committed by certain ineligible defendants. (Pen. Code, § 1170.18, subd. (a).)

The Act also included a provision that allows certain offenders to seek resentencing. Defendants who are serving a sentence for a felony that would have been a misdemeanor had Proposition 47 been in effect at the time of the offense may file a petition for recall of sentence. (§ 1170.18.)

On November 26, 2014, defendant filed a petition for recall of his sentence and resentencing under section 1170.18. The People filed a response noting defendant was not entitled to the relief requested because defendant "[s]tole personal property valued [at] $3,400 as listed in polic[e] report."

On March 9, 2015, the trial court denied the petition, noting defendant was ineligible for resentencing because "Restitution $1000.00. Exceeds $950.00."

On March 30, 2015, defendant filed a motion to reconsider the summary denial of his section 1170.18 petition, arguing he was not given the opportunity to provide the trial court with authority showing his eligibility for resentencing under Proposition 47. He also asserted that because he was charged with and pled guilty to petty theft with a prior and not grand theft, the value of the property was less than $950.

On April 10, 2015, the People filed an opposition, arguing that defendant's conviction for petty theft with a prior did not include a finding of value and therefore did not establish the property was less than $950. The People also attached a page of the police report indicating the stolen property was valued at $3,460.

4

A hearing on defendant's motion to reconsider the denial of his petition for resentencing was held on April 17, 2015. At that time, defense counsel argued that defendant had met his burden of eligibility by the fact he pled guilty to petty theft with a prior and that crime on its face established the stolen property was under $950. Defense counsel explained, "This is the only theft crime where a prima facie showing can be made merely by the statutory elements of the crime itself, because this is a theft crime that by virtue of the elements of the statute of which the person was convicted involves the taking of property valued at less than $950." The trial court disagreed with defense counsel's analysis, reasoning that section 1170.18 made a defendant eligible if the loss is under $950 and that this applied to all theft offenses. The court further explained that it did not consider police reports, but examined the court's own record for reliable information to determine the value of the stolen property, such as a restitution order. Following further argument, the court denied defendant's motion to reconsider.

Defendant filed a timely notice of appeal from that order on May 5, 2015.

II

DISCUSSION

Defendant argues the trial court's summary denial of his petition without allowing him an opportunity to present evidence or challenge the People's evidence violated his due process rights. He further asserts that the trial court erroneously found he did not qualify for a reduction of his felony petty theft with a prior conviction to a misdemeanor.

5

A.    *Standard of Review*

When interpreting a voter initiative, we apply the same principles that govern statutory construction.  (*People v. Briceno* (2004) 34 Cal.4th 451, 459 (*Briceno*); *People v. Rizo* (2000) 22 Cal.4th 681, 685-686 (*Rizo*).)  We first look " ' "to the language of the statute, giving the words their ordinary meaning." ' " (*Briceno* at p. 459; *Rizo* at p. 685.) " 'The statutory language must also be construed in the context of the statute as a whole and the overall statutory scheme [in light of the electorate's intent].  [Citation.]  When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." [Citation.]' [Citation.]  In other words, 'our primary purpose is to ascertain and effectuate the intent of the voters who passed the initiative measure.' " (*Briceno*, at p. 459.)  Our review is de novo.  (*California Chamber of Commerce v. Brown* (2011) 196 Cal.App.4th 233, 248.)

B.    *The Act and Section 1170.18 Generally*

As previously noted, on November 4, 2014, voters approved the Act, which went into effect the next day.  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)  The Act reduced certain drug- and theft-related crimes from felonies or wobblers to misdemeanors for qualified defendants and added, among other statutory provisions, section 1170.18. (*People v. Contreras* (2015) 237 Cal.App.4th 868, 889-890.)  Section 1170.18 creates a process through which qualified persons previously convicted of crimes as felonies, which would be misdemeanors under the new definitions in Proposition 47, may petition

6

for resentencing. (See generally *People v. Lynall* (2015) 233 Cal.App.4th 1102, 1108-1109.)

Specifically, section 1170.18, subdivision (a), provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Thus, in order to be eligible for resentencing, defendant must be a person "who would have been guilty of a misdemeanor" if Proposition 47 had been in effect at the time of his offense. (§ 1170.18, subd. (a).)

Under section 1170.18, subdivision (b), defendant is entitled to be resentenced unless the trial court finds resentencing him would pose an unreasonable risk of danger to public safety. (See *People v. Shabazz* (2015) 237 Cal.App.4th 303, 310, fn. 3 (*Shabazz*).) In exercising its discretion, a trial court is authorized to consider, among other things, defendant's criminal conviction history and any other relevant evidence. (§ 1170.18, subds. (b)(1)-(b)(3); see *Shabazz, supra,* at p. 310, fn. 3.) "[U]nreasonable risk of danger to public safety" is defined in section 1170.18, subdivision (c), thusly, " '[A]n unreasonable risk that the petitioner will commit a new violent felony within the meaning

of [section 667, subdivision (e)(2)(C)(iv)].' " (See *People v. Smith* (2015) 234 Cal.App.4th 1460, 1468-1469.)

The Act was intended to "ensure that prison spending is focused on violent and serious offenses, to maximize alternatives for nonserious, nonviolent crime, and to invest the savings generated from this act into prevention and support programs in K-12 schools, victim services, and mental health and drug treatment." (Ballot Pamp., Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 2, p. 70 (Pamphlet).) Essentially, the voters' intent in adopting Proposition 47 was to except dangerous and violent offenders from its benefits. The initiative is to be liberally construed. Section 15 states, "This act shall be broadly construed to accomplish its purposes." (Pamphlet, *supra*, text of Prop. 47, § 15, p. 74.)

C. *Violation of Due Process*

Defendant contends his due process rights were violated when the court summarily denied his petition for resentencing without affording him a hearing to present and challenge the evidence. The People respond the issue is moot because the trial court ultimately conducted a hearing on his petition.

In *People v. Sherow* (2015) 239 Cal.App.4th 875 (*Sherow*), the defendant filed a petition to recall his sentence under Proposition 47. The defendant sought to reduce two of his felony convictions of second degree burglary to misdemeanor violations of section 459.5, shoplifting, because he insisted the items taken were valued less than $950. (*Sherow*, at p. 877.) The court concluded that defendant had the initial burden in his

8

petition to show he was eligible for resentencing under section 1170.18, subdivision (a). It referred to background information prepared by "Judge J. Richard Couzens and Presiding Justice Tricia A. Bigelow" on Proposition 47, which provided, " 'The petitioner will have the initial burden of establishing eligibility for resentencing under section 1170.18[, subdivision] (a): *i.e.*, whether the petitioner is currently serving a felony sentence for a crime that would have been a misdemeanor had Proposition 47 been in effect at the time the crime was committed. If the crime under consideration is a theft offense under sections 459.5, 473, 476a, 490.2, or 496, the petitioner will have the additional burden of proving the value of the property did not exceed $950.' " (*Sherow*, at p. 879.) The *Sherow* court concluded that the defendant's petition was properly denied because it contained no facts or explanation how the value of the items taken were less than $950. (*Id*. at p. 877; see *People v. Oehmigen* (2014) 232 Cal.App.4th 1, 6-7 [found a defendant was not entitled to development of facts or hearing if the trial court determined he was ineligible on the face of a section 1170.126 petition for resentencing].)

Similarly here, defendant made no attempt in his petition for resentencing to allege that the total value of the stolen items was less than $950. Defendant also made no such showing in his motion to reconsider the summary denial of his Proposition 47 petition. Rather, in his motion to reconsider, defendant merely argued the doctrine of res judicata barred redetermination of the "value" of the property because defendant was charged with and convicted of the crime of petty theft. Defendant had an opportunity to be heard on the issue of value twice. His Proposition 47 petition could have contained facts and

9

evidence pertaining to the total value of the stolen items, but the petition was devoid of any such facts or evidence. (See *Sherow*, *supra*, 239 Cal.App.4th at p. 880 [a "proper petition could certainly contain at least" the petitioner's testimony about the stolen item].) In addition, defendant had another opportunity to be heard on the issue of value when the court held a hearing on his motion to reconsider the denial of his Proposition 47 petition. Thus, defendant did have an opportunity to be heard on the issue of value, but he did not utilize it. Defendant's due process argument fails.

As this court previously explained in *People v. Perkins* (2016) 244 Cal.App.4th 129 (*Perkins*): "Our conclusion that defendant must provide some evidence of eligibility when he files the petition is supported by the language and structure of the statute. Section 1170.18, subdivision (a) permits offenders currently serving sentences for reclassified offenses to 'petition for a recall of sentence' and 'request resentencing.' 'The statute does not expressly require the trial court to hold a hearing before considering the eligibility criteria, nor is there a reference to the taking of "evidence" or other proceeding that would compel involvement by the parties. The statute simply states: "Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the [eligibility] criteria." [Citation.]' (*People v. Bradford* (2014) 227 Cal.App.4th 1322, 1337 . . . (*Bradford* ) [discussing nearly identical statutory language in § 1170.126, subd. (e)].) Thus, the statute appears to assume most petitions can be resolved based on the filings. We read the statute to fairly imply that in the normal case the superior court will rule on the basis of the petition and any supporting

10

documentation." (*Perkins*, *supra*, at p. 137.)  Faced with such petitions, a trial court often will be able to grant or deny relief without a hearing.

D.    *Denial of Petition*

Defendant also makes various arguments relating to the trial court's finding he did not qualify for reduction of his felony petty theft with a prior conviction to a misdemeanor.

The theft-related offenses enumerated in section 1170.18, subdivisions (a) and (b), that may be reclassified and resentenced as misdemeanors under Proposition 47 include shoplifting with a value of $950 or less (§ 459.5, subd. (a)); forgery of a document with a value of $950 or less (§ 473, subd. (b)); issuing a check for $950 or less without sufficient funds (§ 476a, subd. (b)); petty theft with a value of $950 or less (§ 490.2, subd. (a)); receiving stolen property with a value of $950 or less (§ 496, subd. (a)); and petty theft with a prior theft conviction with a value of $950 or less (§ 666, subd. (a)).

"As an ordinary proposition:  ' "[A] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting." '  [Citations.]"  (*Sherow*, *supra*, 239 Cal.App.4th at p. 879.)  Thus, a petitioner seeking Proposition 47 relief "must establish his or her eligibility" for such relief.  (*Id*. at p. 878.)  The petitioner has the "initial burden of proof" to "establish the facts upon which his or her eligibility is based."  (*Id*. at pp. 879-880.)  As previously noted, if the crime under consideration is a theft offense, " 'the petitioner will have the [] burden of proving the value of the property did not exceed $950.'  [Citation.]"  (*Id*. at p. 879.)  In

11

making such a showing, "[a] proper petition could certainly contain at least [the petitioner's] testimony about the nature of the items taken." (*Id*. at p. 880.) If the petition makes a sufficient showing, the trial court "can take such action as appropriate to grant the petition or permit further factual determination." (*Ibid*.)

"Perhaps the most fundamental rule of appellate law is that the judgment challenged on appeal is presumed correct, and it is the appellant's burden to affirmatively demonstrate error." (*People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.) "The very settled rule of appellate review is a trial court's order/judgment is presumed to be correct, error is never presumed, and the appealing party must affirmatively demonstrate error on the face of the record." (*People v. Davis* (1996) 50 Cal.App.4th 168, 172.)

Defendant argues that he met his initial burden of proof because he was charged with and pled guilty to petty theft with a prior and therefore he necessarily admitted to taking property *not* exceeding $950. He believes that principles of res judicata are determinative of the value issue and that the offense of petty theft with a prior was necessarily reduced to a misdemeanor pursuant to the Act. Defendant's arguments are unavailing.

Proposition 47 added section 490.2 regarding petty theft crimes. That section provides "[n]otwithstanding Section 487 [concerning grand theft] or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, except

12

that such person may instead be punished pursuant to subdivision (h) of Section 1170 if that person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290." (§ 490.2.)

Prior to the passage of section 10 of Proposition 47, section 666 allowed petty theft to be punished as a felony with up to a year in prison—if the defendant had three or more prior convictions for petty theft or other enumerated offenses. (Former § 666, subd. (a), as amended by Stats. 2013, ch. 782, § 1.) Proposition 47 amended section 666, eliminating that provision, effective November 5, 2014. (§ 666.) After the passage of Proposition 47, petty theft can only be elevated to a felony if the value of the property exceeds $950 (§ 490.2) or the defendant has certain enumerated priors (including one prior conviction for petty theft) and the defendant: (1) is required to register as a sex offender, or (2) has a prior violent or serious felony conviction, as defined in section 667, subdivision (e)(2)(C)(iv) or section 368, subdivisions (d) or (e). (§ 666, subd. (b).)

In this case, the record does not indicate that defendant must register as a sex offender or that he has a prior conviction defined as serious or violent. Nonetheless, the inquiry does not end there. As enacted by Proposition 47, section 490.2 neither redefines nor establishes a substantive theft offense. Instead, "theft" is defined in section 484, subdivision (a), which provides: "Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him or her, or who shall knowingly and

13

designedly, by any false or fraudulent representation or pretense, defraud any other person of money, labor or real or personal property, or who causes or procures others to report falsely of his or her wealth or mercantile character and by thus imposing upon any person, obtains credit and thereby fraudulently gets or obtains possession of money, or property or obtains the labor or service of another, is guilty of theft." (See *People v. Davis* (1998) 19 Cal.4th 301, 304-305 [§ 484 consolidates several formerly distinct offenses into the single crime of theft, including larceny and theft by trick].) Section 490a, in turn, provides that any law referring to larceny, embezzlement, or stealing is a theft offense. (§ 490a.)

Every theft offense is either grand theft or petty theft—and the punishment options depend on the degree of the crime. (§ 486.) A defendant commits grand theft, "[w]hen the money, labor, or real or personal property taken" exceeds $950. (§ 487, subd. (a).) Before the passage of Proposition 47, however, not all theft crimes were subject to the $951 grand theft minimum. Theft of some property became grand theft at a lower value threshold; for example, a defendant only had to steal $250 worth of "domestic fowls, avocados, olives, citrus," or other produce to be guilty of grand theft. (§ 487, subd. (b)(1); see § 487, subd. (b)(2) [$250 worth of aquacultural products from a commercial or research operation].) And theft of other types of property was deemed grand theft regardless of value. For example, every theft of a "hog, sow, boar, gilt, barrow, or pig" was designated grand theft (§ 487a), as was theft of "gold dust, amalgam, or quicksilver" from "any mining claim, tunnel, sluice, undercurrent, riffle box, or

14

sulfurate machine" (§ 487d).  (See *People v. Whitmer* (2014) 230 Cal.App.4th 906, 918 ["It is well established that the Legislature's intent regarding this provision was to designate theft of the enumerated items as grand theft regardless of their value."].)  Any theft not defined as grand theft is petty theft, a misdemeanor (§ 488)—and section 490.2 redefines petty theft.  As discussed, section 490.2 reduces the possible punishment for defendants convicted of "obtaining property by theft" worth less than $951.  On its face, section 490.2 reclassifies the array of criminal behavior described in the theft statutes as petty theft whenever the stolen property is worth less than $951.

Prior to the passage of Proposition 47, the prosecutor could elect to charge a defendant with felony petty theft with a prior if there existed three or more prior theft-related convictions, regardless of the value or if the value was unknown.  Thus, as the trial court pointed out, just because defendant pled guilty to petty theft with a prior, did not necessarily mean the value of the stolen items was less than $950.  Defendant still had the burden of showing the stolen property was valued at less than $950 to be eligible for relief.  Accordingly, we reject defendant's argument that the value of the stolen items was less than $950 by the mere fact he pled guilty to petty theft with a prior.

We also find that principles of res judicata do not apply under the circumstances.  Traditionally, the principle of res judicata "gives conclusive effect to a final judgment on the merits in subsequent litigation of the same controversy."  (*People v. Davis* (1995) 10 Cal.4th 463, 514, fn. 10.)  Here, just because defendant pled guilty to petty theft with a

15

prior did not conclusively resolve the issue in the current appeal as to whether defendant was eligible for resentencing under Proposition 47.

Relying on the rules of statutory construction, defendant also asserts in great lengths that the voter's intent under the Act was to reduce incarceration for nonviolent crimes like petty theft and drug possession. Although defendant is correct in his statutory analysis of the Act, defendant still has the burden of proving the total value of the stolen items was less than $950 to be eligible for relief under the Act.

Defendant further asserts that the trial court erred in relying on the restitution order in determining his eligibility for relief under the Act, because section 1202.4, authorizing direct victim restitution, is not limited to the value of the stolen property but includes all damages suffered by the victim.

Initially, we note defendant forfeited his right to complain about the trial court's consideration of the restitution order because defendant failed to object at the time the evidence in question was presented. To encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts require parties to raise certain issues at the time of sentencing. In such cases, lack of a timely and meaningful objection forfeits or waives the claim. (*People v. Welch* (1993) 5 Cal.4th 228, 234-235.) The purpose of the waiver rule is to ensure the error is brought to the attention of the trial court, both parties are heard on the issue, and the trial court has an opportunity to correct the error before issuing a final judgment. (*People v. Scott* (1994) 9 Cal.4th 331, 353.) Here, defendant did not object to the restitution order at the original

16

sentencing hearing where the victim made statements as to his losses. Defendant also did not object to the restitution order at the motion to reconsider his Proposition 47 petition hearing. (See Evid. Code, § 353 [no reversal due to erroneous admission of evidence unless "[t]here appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion"].)

In any event, we find the trial court did not err in relying on the restitution order in determining defendant's eligibility for relief under the Act.

In *Bradford*, *supra*, 227 Cal.App.4th 1322, cited in *Sherow*, *supra*, 239 Cal.App.4th at p. 880, the Court of Appeal considered the scope of the evidence a trial court may review in ruling on a petition for recall of sentence under Proposition 36.[2] The *Bradford* court borrowed from the procedures outlined in *People v. Guerrero* (1988) 44 Cal.3d 343 (*Guerrero*) to hold that the trial court may examine only the record of conviction in making its threshold determination whether the nature of the defendant's conviction qualifies for resentencing. (*Bradford*, *supra*, at pp. 1337-1341.) For this purpose, the record of conviction includes pleadings, trial transcripts, pretrial motions, and any appellate opinion. (See, e.g., *People v. White* (2014) 223 Cal.App.4th 512; *People v. Osuna* (2014) 225 Cal.App.4th 1020, 1027, 1030; *People v. Manning* (2014) 226 Cal.App.4th 1133, 1140-1141.)

---

[2] Proposition 47 is analogous to Proposition 36, which enacted section 1170.126 in 2012 to provide for resentencing in "Three Strikes" cases.

17

The *Bradford* court added that "the trial court must be careful to avoid making a precipitous decision without input from the parties"; thus, if the necessary facts are not found in the record of conviction, the court should not deny the petition without notice to the defendant and an opportunity to be heard, which does not require a formal hearing, but may simply be by additional briefing. (*Bradford*, *supra*, 227 Cal.App.4th at pp. 1340-1341.) In *Bradford*, the trial court referred to the record of conviction, found evidence that the defendant had possessed wire cutters during the commission of the crime, and concluded—without input from the parties—that wire cutters constitute a dangerous weapon, making petitioner ineligible for resentencing. (Id. at pp. 1330, 1334.)

Sentencing judges have virtually unlimited discretion as to the kind of information they can consider and the source from which it comes. (*People v. Hove* (1999) 76 Cal.App.4th 1266, 1275; see *People v. Roberts* (2011) 195 Cal.App.4th 1106, 1128 [sentencing judges may consider responsible unsworn or out-of-court statements concerning the convicted person's life and characteristics and may receive evidence that might otherwise not be admissible at trial].) "Fundamental fairness, however, requires that there be a substantial basis for believing the information is reliable." (*People v. Lamb* (1999) 76 Cal.App.4th 664, 683.)

"Although not all the procedural safeguards required at trial also apply in a sentencing or probation hearing, such a hearing violates due process if it is fundamentally unfair." (*People v. Eckley* (2004) 123 Cal.App.4th 1072, 1080 (*Eckley*).) "Reliability of the information considered by the court is the key issue in determining fundamental

18

fairness" in this context. (*People v. Arbuckle* (1978) 22 Cal.3d 749, 754-755.) "A court's reliance, in its sentencing and probation decisions, on factually erroneous sentencing reports or other incorrect or unreliable information can constitute a denial of due process." (*Eckley*, *supra*, at p. 1080.)

In the present matter, the trial court properly considered the restitution order to determine the value of the loss exceeded $950.[3] The restitution order is part of the record of conviction, and there is nothing to suggest it is unreliable. The restitution order was made at the sentencing hearing following statements by the victim as to his losses. Defendant did not challenge the amount of loss claimed by the victim. It is well settled that "statements by the victims of the crimes about the value of the property stolen constitute 'prima facie evidence of value for purposes of restitution.' [Citations.]" (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1048.) "Once the victim has made a prima facie showing of his or her loss, the burden shifts to the defendant to demonstrate that the amount of the loss is other than that claimed by the victim. [Citations.]" (*People v. Prosser* (2007) 157 Cal.App.4th 682, 690-691 (*Prosser*).) "Were the law otherwise, a victim in a case such as this would be without a means for recovery. A victim who has no receipts or appraisals for property received by gift, and who no longer has possession of the property, may have no way of providing a detailed description or obtaining an appraisal." (*Id.* at p. 691.)

---

[3] The trial court declined to consider the police report in the instant case as requested by the People, finding police reports generally to be unreliable.

As the court in *Prosser*, *supra*, 157 Cal.App.4th 682 observed: "Defendant has not convinced us that there is a reason why the thief, who has, or last had, possession of the property, should not bear the burden of rebutting the victim's estimate of value. If the thief has disposed of the property and is, like the victim, ill poised to provide a detailed description or an appraisal, it is indeed awkward. But the situation is one of the thief's own making, and as between the victim and the thief, the equities favor the victim." (*Id.* at p. 691.) "In determining the amount of restitution, all that is required is that the trial court 'use a rational method that could reasonably be said to make the victim whole, and may not make an order which is arbitrary or capricious.' [Citations.]" (*People v. Akins* (2005) 128 Cal.App.4th 1376, 1382.)

In summary, we find the trial court properly denied defendant's motion to reconsider his Proposition 47 petition.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

CODRINGTON
J.