Filed 8/29/16  P. v. Cooper CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> CRAIG COOPER, <br><br> Defendant and Appellant. | B267783 <br><br> (Los Angeles County <br> Super. Ct. No. NA027451) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura L. Laesecke, Judge.  Affirmed.

Emily Lowther Brough, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————————

## FACTUAL AND PROCEDURAL BACKGROUND

Craig Cooper petitioned in February 2015 to recall his current felony sentence for violating Health and Safety Code section 11350, subdivision (a), possession of cocaine, and to request resentencing as a misdemeanor under Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18).[1]  On March 13, 2015 the trial court denied the petition, finding Cooper was ineligible for resentencing under Proposition 47.  On October 30, 2015 Copper filed a notice of appeal from the trial court's March 13, 2015 order.[2]

## DISCUSSION

We appointed counsel to represent Cooper on appeal.  After examining the record, counsel filed an opening brief raising no issues.  On May 9, 2016 we advised Cooper he had 30 days to submit any arguments or raise any issues he wanted us to consider.  The same day, we received an eight-page, hand-printed supplemental brief with attached exhibits.  Cooper appears to argue that the record does not support the trial court's finding Cooper is ineligible for Proposition 47 relief and that section 1170.18 is ambiguous and unconstitutional.

"Proposition 47, an initiative measure the electorate passed in November 2014, reduced certain drug-related and property crimes from felonies to misdemeanors. The measure also provided that, under certain circumstances, a person who had received a felony sentence for one of the reduced crimes could be resentenced and receive a

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Cooper's notice of appeal was received by the superior court clerk's office, but not filed.  On October 28, 2015 we granted Cooper relief from default for failure to file a timely notice of appeal.

misdemeanor sentence." (*People v. Morales* (2016) 63 Cal.4th 399, 403.) "'Proposition 47 created a new resentencing provision, [Penal Code] section 1170.18, under which certain individuals may petition the superior court for a recall of sentence and request resentencing.'" (*People v. Smith* (2015) 234 Cal.App.4th 1460, 1468-1469.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091; see *People v. Davis* (2016) 246 Cal.App.4th 127, 134 [Proposition 47 "'reduces penalties for certain offenders convicted of nonserious and nonviolent property and drug crimes' and 'allows certain offenders who have been previously convicted of such crimes to apply for reduced sentences'"], review granted July 13, 2016, S234324.) Among these offenses is former Health and Safety Code section 11350, felony possession of a controlled substance. As amended by Proposition 47, and subject to certain exceptions, possession of a controlled substance is now a misdemeanor, which "shall be punished by imprisonment in a county jail for not more than one year." (Health & Saf. Code, § 11350.)

One of the exceptions to Proposition 47 relief applies here. Section 1170.18, subdivision (i), provides that the provisions of Proposition 47 do not apply to persons previously convicted of certain violent felonies listed in section 667, subdivision (e)(2)(C)(iv), and known as "super strikes" (*People v. Johnson* (2015) 61 Cal.4th 674, 681-682; *People v. Jefferson* (2016) 1 Cal.App.5th 235, 242), or to offenses requiring registration as a sex offender under section 290. Cooper has two disqualifying convictions: 1985 convictions for lewd and lascivious acts with a child under the age of 14 (§ 288) and sexual penetration with a foreign object by force (§ 289, subd. (a)(1)). (*Cooper v. Superior Court* (Aug. 19, 2013, B250388) [nonpub. opn.]; *People v. Cooper* (Dec. 11, 1997, B106716) [nonpub. opn].) Therefore, the trial court correctly ruled that Cooper was ineligible for resentencing under Proposition 47.

3

We have examined the record and are satisfied that appellate counsel for Cooper has fully complied with her responsibilities and that there are no arguable issues.  (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The order is affirmed.


SEGAL, J.


We concur:



PERLUSS, P. J.



GARNETT, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.