Filed 10/22/20  P. v. Ross CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEX DEON ROSS,<br><br>    Defendant and Appellant. | No. A160167<br><br>(Solano County Super.<br> Ct. No. VC37766) |

Appellant Alex Deon Ross appeals from an order of the Solano County Superior Court denying his postjudgment motion challenging the court's 1998 imposition of certain fines, including a $10,000 restitution fine under Penal Code section 1202.4.  His court-appointed counsel has filed a brief raising no legal issues and requesting this court to conduct an independent review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).  Counsel declares that he has advised Ross that he may personally file a supplemental brief within 30 days of the filing of the brief filed by counsel.  Ross did not file a supplemental brief.

## BACKGROUND

In 1996, Ross was convicted after a jury trial of numerous criminal offenses.  He was sentenced, he appealed and he was resentenced in 1998 to a total prison term of 52 years to life.  The sentencing court in 1998, as it did in

1

1996, ordered Ross to pay a $10,000 restitution fine under Penal Code section 1202.4 and a parole revocation fine in the same amount under Penal Code section 1202.45. The record does not indicate that Ross appealed from this resentencing order.

In April 2020, Ross filed a petition in Solano County Superior Court challenging the court's 1998 imposition of the restitution and parole revocation fines, purportedly without conducting a hearing and determining his ability to pay them, which petition Ross based on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 and certain constitutional protections. The superior court denied his petition without explanation.

Ross filed a timely notice of appeal with a request for a certificate of probable cause. The superior court granted his request for the certificate.

## DISCUSSION

One of the cases relied on by Ross's counsel, *Serrano*, *supra*, 211 Cal.App.4th 496, involved an appeal from the denial of a postconviction motion challenging the sufficiency of the admonitions the defendant had received regarding the immigration consequences of his plea. As Ross's counsel acknowledges, *Serrano* held that a review under *Wende* and *Anders v. California* (1967) 386 U.S. 738 (collectively, *Wende* review) is limited to the defendant's first appeal as of right from a criminal conviction (*Serrano*, at p. 503), and such a review is therefore unavailable in a case such as this. Anticipating that we would decline to conduct a *Wende* review in light of *Serrano*, Ross's counsel urges us to employ a procedure prescribed in *Serrano* that is based on that employed in *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*).

According to *Serrano*, where counsel has not raised any legal issues in an appeal from a postconviction proceeding, the applicable procedure is that

2

authorized for conservatorship proceedings in *Ben C.* (*Serrano*, *supra*, 211 Cal.App.4th at p. 503.) In *Ben C.*, our Supreme Court determined that a *Wende* review was not required for appeals taken from conservatorship proceedings under the Lanterman-Petris-Short Act. (*Ben C.*, *supra*, 40 Cal.4th at p. 544.) Nonetheless, "[i]f appointed counsel in a conservatorship appeal finds no arguable issues, counsel need not and should not file a motion to withdraw. Instead, counsel should (1) inform the court he or she has found no arguable issues to be pursued on appeal; and (2) file a brief setting out the applicable facts and the law. Such a brief will provide an adequate basis for the court to dismiss the appeal on its own motion," or "[t]he court may, of course find it appropriate to retain the appeal." (*Id.* at p. 544 & fn. 7, fn. omitted.) Also, "[t]he conservatee is to be provided a copy of the brief and informed of the right to file a supplemental brief." (*Id.* at p. 544, fn. 6.)

Here, we decline to conduct a *Wende* review of the superior court's postconviction order denying Ross's petition or to exercise our discretion to retain the appeal under *Serrano*. Although the superior court did not explain its denial, it was manifestly correct to deny the petition because it long ago lost jurisdiction over a sentencing order that was issued and became final some 22 years before in 1998 when Ross did not take an appeal from it. (See, e.g., *People v. Smith* (2015) 234 Cal.App.4th 1460, 1465 ["A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari have expired"].) No purpose would be served by our further review of the record. Further, as a practical matter, Ross has received the benefit of the procedure authorized *Serrano* and in *Ben C.* Ross's counsel has informed this court that he found no arguable issues to be pursued on appeal, filed a brief setting out the applicable facts and the law,

3

provided Ross with a copy of the brief and informed Ross of his right to file a supplemental brief.

## DISPOSITION

For the foregoing reasons, we decline to conduct a *Wende* review or retain this appeal under *Serrano*. The appeal is dismissed.

_____

STEWART, J.


We concur.


_____

KLINE, P.J.


_____

MILLER, J.


*People v. Ross* (A160167)