Filed 3/10/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048790 |
| v. | (Super. Ct. No. 95NF1169) |
| SCOTT ANTHONY SMITH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, W. Michael Hayes, Judge. Affirmed.

Law Offices of Dennis A. Fischer, Dennis A. Fischer, John M. Bishop and Brandon Fischer for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis, Warren Williams and Scott Taylor, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

In 1996, a jury convicted defendant Scott Anthony Smith of possessing methamphetamine for sale and the sale or transportation of it. The trial court found true allegations defendant had five prior burglary convictions and sentenced him under the "Three Strikes" law to 25 years to life on count 1 and stayed the sentence on count 2. In an unpublished decision, this court affirmed the judgment. (*People v. Smith* (June 18, 1998, G020521) [nonpub. opn.].)

In the present case, defendant contends he is entitled to automatic resentencing under Proposition 36, the Three Strikes Reform Act of 2012 (Act). The Act changed "the Three Strikes law so that an indeterminate life sentence may only be imposed where the offender's third strike is a serious and/or violent felony or where the offender is not eligible for a determinate sentence based on other disqualifying factors. (Pen. Code, §§ 667, subd. (e)(2)(C) [all further statutory references are to this code], 1170.12, subd. (c)(2)(C).) The Act also enacted section 1170.126, establishing a procedure for an offender serving an indeterminate life sentence for a third strike conviction that is not defined as a serious and/or violent felony to file a petition for recall of sentence." (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 596-597, fn. omitted (*Teal*).) Section 1170.126 applies "exclusively to persons presently serving" a three strikes indeterminate sentence of 25 years to life (§ 1170.126, subd. (a)), but gives the trial court discretion not to resentence a person who "would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Had defendant been sentenced after the Act became effective, he would not have been subject to an indeterminate life sentence because his commitment offenses for the transportation or sale, and possession of methamphetamine for sale were not serious or violent felonies. (*Teal*, *supra*, 60 Cal.4th at pp. 596-597; §§ 667, subd. (e)(2)(C), 1170.12, subd. (e)(2)(C).) Thus, he petitioned under section 1170.126 to have his original sentence recalled and to be resentenced as a second strike offender. The court denied the petition after determining defendant was not entitled to relief because he had

2

committed violent acts while incarcerated and thus "present[ed] a danger to the public." Defendant does not challenge this finding.

Rather, defendant contends he is entitled to automatic resentencing as a person with two strikes under the amendments to sections 667 and 1170.12 because: (1) statutory amendments mitigating punishment should be applied retroactively absent a savings clause or other indications of a different legislative intent; (2) denying him that benefit would violate his right to equal protection under the state and federal Constitutions; and (3) his sentence would otherwise be "unusual" under the California Constitution. We reject defendant's contentions.

Shortly before oral argument, defendant submitted a letter brief, positing the question of whether the definition of an "unreasonable risk of danger to public safety" contained in the recently adopted initiative measure Proposition 47, effective November 5, 2014, the Safe Neighborhoods and Schools Act, applied to section 1170.126, subdivision (f). We ordered supplemental briefing on the issue, which the parties provided. Because defendant does not request that we resolve the issue, we decline to do so. The postjudgment order is affirmed.

DISCUSSION

1. *Appealability*

The Attorney General does not dispute defendant's contention the order denying his petition to recall his sentence is appealable. The California Supreme Court recently held such orders are appealable, resolving the prior split of authority on the issue. (*Teal*, *supra*, 60 Cal.4th at pp. 597, 601.) Although the specific issue in *Teal* was "whether the trial court's denial of defendant's petition for recall of sentence on the ground he failed to meet the threshold eligibility requirement [citation] is an appealable

3

order," the Supreme Court broadly concluded "the trial court's denial of the petition for recall is an appealable order." (*Id*. at p. 597)

## 2. *Retroactivity*

Because defendant has pursued relief from a final conviction under section 1170.126, we need not address the controversy about whether a defendant whose case is not yet final on appeal is entitled to application of the revised sentencing provisions without filing a petition for recall pursuant to section 1170.126. The only published case on this issue, *People v. Yearwood* (2013) 213 Cal.App.4th 161, held the statute has no retroactive effect. (*Id*. at p. 168.) The issue is presently pending in the Supreme Court. (See, e.g., *People v. Conley*, review granted Aug. 14, 2013, S211275.)

Defendant contends he is not required to petition for a recall of his sentence under section 1170.126 but is instead entitled to mandatory resentencing under section 667, subdivision (e)(2)(C) notwithstanding the finality of his judgment because neither his current offense nor his strike priors were disqualifying convictions listed in section 667, subdivision (e)(2)(C) or section 1170.12, subdivision (c)(2)(C). We are not persuaded.

Defendant relies on the rule of retroactivity set forth in *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). Under that rule, a legislative amendment that lessens criminal punishment is presumed to apply to all cases *not yet final* (the Legislature deeming its former penalty too severe), unless there is a "saving clause" providing for prospective application. (*Id*. at pp. 742, 744 ["The key date is the date of final judgment. If the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect when the prohibited act was committed, applies"], 748.) A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari

4

have expired. (*People v. Kemp* (1974) 10 Cal.3d 611, 614.) Defendant does not dispute his judgment is final under this rule. The *Estrada* rule thus does not apply.

Defendant argues the issue is not whether his judgment is final for appellate purposes but "did the Legislature intend the old or new statute to apply?" (*Estrada*, *supra*, 62 Cal.2d at p. 744.) Where "the Legislature [has not] expressly stated which statute should apply[,] . . . [courts] must . . . attempt to determine the legislative intent from other factors." (*Ibid.*) In *Estrada*, there were "other factors that indicate the Legislature must have intended that the amendatory statute should operate in all cases not reduced to final judgment at the time of its passage." (*Id.* at p. 746.)

Here, in contrast, the Act itself indicates the amendments to sections 667 and 1170.12 should *not* operate in all cases involving nonviolent, nonserious felonies committed after two prior strikes, particularly where, as here, a defendant was serving an indeterminate sentence in a case already reduced to a final judgment at the time the Act was passed. That is, in addition to amending sections 667 and 1170.12, the Act added section 1170.126, which provides a distinct resentencing option "to persons presently serving an indeterminate term of imprisonment pursuant to" the Three Strikes law. (§ 1170.126, subd. (a).) Construing *Estrada* alongside sections 667, 1170.12 and 1170.126 leads to the conclusion that section 1170.126 applies to prisoners like defendant who were serving three strike sentences for a judgment that was final when the Act became effective—not the amendments to sections 667 and 1170.12. Any other interpretation would render section 1170.126 superfluous, which we may not do. (*People v. Briceno* (2004) 34 Cal.4th 451, 465 ["as with statutes, courts are to give meaning to every word of an initiative if possible, and should avoid a construction making any word surplusage"].)

Defendant quotes the following statement from *In re Chavez* (2004) 114 Cal.App.4th 989: "There is nothing in *Estrada* that prohibits the application of revised sentencing provisions to persons whose sentences have become final if that is what the Legislature intended or what the Constitution requires." (*Id.* at p. 1000.) *Chavez*

5

concerned whether a change in statutory language should be applied retroactively to prisoners whose judgments became final before the amendment became effective. (*Id*. at pp. 993, 999.) The amendment did not declare if it was intended to operate retroactively. (*Id*. at p. 994.) Nor did it contain any other indication of "what the Legislature intended" (*id*. at p. 1000), unlike here where the Act's intent can be inferred from the enactment of section 1170.126.

Defendant's citation of *Way v. Superior Court* (1977) 74 Cal.App.3d 165 (*Way*) also does not assist him. *Way* addressed whether section 1170.2, enacted as part of the Uniform Determinate Sentencing Act of 1976 to allow for retroactive application of that act to prisoners incarcerated under the prior sentencing scheme, usurps "the Governor's commutation power." (*Way*, at p. 170.) In holding it does not, *Way* distinguished *Estrada's* statement that "'[t]he amendatory act . . . can be applied constitutionally to acts committed before its passage provided the judgment convicting the defendant of the act is not final.'" (*Id*. at p. 180, italics omitted.) According to *Way*, "[t]he distinction is that in this case final judgments will be reduced only as an incident of a major and comprehensive reform of an entire penal system. In view of the legislative objective, the final judgment rule must yield." (*Ibid*.) This makes sense because section 1170.2 expressly provided for retroactive application. Sections 667 and 1170.12 do not. And although this case also involves a major reform, the Act's objective indicated by the enactment of section 1170.126 is for sections 667 and 1170.12 not to be applied retroactively to final judgments.

*3. Equal Protection*

We have no quarrel with the statement that "[e]ven where the Legislature expressly intends an ameliorative provision to apply prospectively, constitutional considerations may require that it be applied retroactively." (*Chavez*, *supra*, 114 Cal.App.4th at p. 1000.) But we disagree with defendant's contention that denying him

6

the ameliorative benefit of second strike sentencing under Proposition 36 violates his equal protection rights because those who were convicted before November 7, 2012, are similarly situated to those convicted after that date.

Defendant argues that *In re Kapperman* (1974) 11 Cal.3d 542 (*Kapperman*) compels a contrary result. But *Kapperman* held only that the portion of a statute making custody credits applicable only to those sentenced after the statute's effective date violated equal protection because it "constitutes a legislative classification which is not reasonably related to a legitimate public purpose." (*Id*. at p. 545.) In doing so, *Kapperman* pointed out the case did not involve "the application to previously convicted offenders of statutes lessening the *punishment* for a particular offense." (*Id*. at p. 546.) Neither did *In re Moye* (1978) 22 Cal.3d 457, 463-467, superseded by statute as stated in *Hudec v. Superior Court* (2015) 60 Cal.4th 815, 821-822 [equal protection principles mandated that individuals acquitted by reason of insanity be released after they had been committed for a period of time equal to the maximum state prison sentence which they could have received for the underlying offense], cited by defendant.

As *Kapperman¸ supra*, 11 Cal.3d at p. 546 acknowledged, "[t]he Legislature properly may specify that such statutes are prospective only, to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written." To the same effect is *People v. Floyd* (2003) 31 Cal.4th 179 (*Floyd*), in which "the defendant sought to invalidate a provision of [an initiative] barring retroactive application of its provisions for diversion of nonviolent drug offenders. [Citation.] The court reiterated that the Legislature may preserve the penalties for existing offenses while ameliorating punishment for future offenders in order to '"assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written."' [Citation.] The statute before the court came within this rationale because it 'lessen[ed] punishment for particular offenses.' [Citation.] As the *Floyd* court noted, '"[t]he 14th Amendment does not forbid

7

statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time." ' " (*People v. Kennedy* (2012) 209 Cal.App.4th 385, 398.)

"[T]he rule acknowledged in *Kapperman* and *Floyd* is that a statute ameliorating punishment for particular offenses may be made prospective only without offending equal protection, because the Legislature will be supposed to have acted in order to optimize the deterrent effect of criminal penalties by deflecting any assumption by offenders that future acts of lenity will necessarily benefit them." (*People v. Kennedy*, *supra*, 209 Cal.App.4th at p. 398.) We agree. Prospective application of the ameliorative benefits of second strike sentencing under Proposition 36 does not violate equal protection guarantees.

*4. Unconstitutionally "Unusual" Sentence*

Defendant does not claim his sentence is cruel, but asserts section 1170.126's distinction between those offenders entitled to treatment as a second strike offender and those required to petition for resentencing transforms his sentence into " 'unusual' " punishment as described in *People v. Schueren* (1973) 10 Cal.3d 553, 559-560 (*Schueren*). He argues his sentence therefore violates article I, section 17, of the California Constitution and "must be ordered reduced 'in order to prevent [him] being required to serve an unconstitutional sentence." (*Schueren*, at pp. 561-562.)

Under *Schueren*, *supra*, 10 Cal.3d 553, " 'an excessive or disproportionate punishment' may be 'unusual' within the meaning of section 17, article I of the California Constitution, defining that term 'literally.' [It thus] held a term exceeding 14 years for assault with a deadly weapon was sufficiently 'unusual' to constitute an unconstitutional application of the penalty portion of the criminal statute providing for a term of six months to life, where defendant was charged with assault with a deadly weapon with intent to commit murder punishable by an indeterminate term of 1 to 14

8

years; asserted his constitutional rights; successfully defended against the charged crime, but was convicted of the lesser included offense of assault with a deadly weapon." (*People v. Macias* (1982) 137 Cal.App.3d 465, 476.)

But *Schueren*, *supra*, 10 Cal.3d 553 is inapposite because defendant "has not been prejudiced by asserting his constitutional rights . . . ; did not successfully defend against the charged crime; and, upon judgment, he did not suffer a greater sentence for a lesser included offense." (*People v. Macias*, *supra*, 137 Cal.App.3d at pp. 476-477.) Under the laws then in effect, defendant received a valid indeterminate sentence. There was nothing unusual about his sentence, as it was not one "that in the ordinary course of events is not inflicted." (*Schueren*, at p. 560.) It may be that criminals convicted after the effective date of the Act on facts similar to this case will no longer receive the same punishment. But that does not retroactively convert defendant's otherwise lawful sentence into a constitutionally "unusual" one under *Schuern*. Because defendant has cited no authority for such a claim, we reject it and conclude defendant's sentence was not unconstitutionally unusual.

5. *Proposition 47*

"Proposition 47 created a new resentencing provision, section 1170.18, under which certain individuals may petition the superior court for a recall of sentence and request resentencing." (*People v. Aparicio* (2015) 232 Cal.App.4th 1065, 1077.) As relevant here, section 1170.18, subdivision (c) provides: "*As used throughout this Code*, 'unreasonable risk of danger to public safety' means an unreasonable risk that the petitioner will commit a new violent felony within the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (Italics added.) Proposition 36 does not define the phrase "unreasonable risk of danger to public safety." (See § 1170.126, subd. (f).)

9

The Supreme Court recently granted review in two cases involving whether Proposition 47's definition of "unreasonable risk of danger to public safety" applies to resentencing under Proposition 36. (*People v. Chaney*, review granted Feb. 18, 2015, S223676 [definition in section 1170.18, subdivision (c) does not apply retroactively to defendants' whose petitions for resentencing under Proposition 36 was decided before Proposition 47's effective date]; *People v. Valencia*, review granted Feb. 18, 2015, S228525 [section 1170.18 does not modify section 1170.126, subdivision (f)].)

*People v. Crockett* (Feb. 19, 2015, C074342) __ Cal.App.4th __ [2015 WL 734171] recently held that section 1170.18, subdivision (c)'s definition of "'unreasonable risk of danger to public safety'" did not apply retroactively to cases not yet final on appeal. (*Id*. at p. __ [2015 WL 73417 at p. *10].) More recently, the First District "conclude[d] that the Proposition 47 definition was not intended by the voters to displace the broader definition of the Three Strikes Reform Act already in use." (*People v. Davis* (Feb. 26, 2015, A139111) __ Cal.App.4th __, __ [2015 WL 832571, at pp. *1, *13].) We need not decide whether we agree with these cases.

Defendant asserts that because "section 1170.126 is found in the same statutory scheme as section 1170.18, the revised meaning of the phrase common to both statutes appears significant, and could well make a difference here." But he does not argue that section 1170.18, subdivision (c)'s definition *should* apply in this case. Rather, he contends this court should reverse the trial court's order denying his request for resentencing under Proposition 36 based on the constitutional arguments raised in his opening brief, in which case "the fallback position" of section 1170.18, subdivision (c) need not be reached. But in the event we reject his position, as we have, defendant submits that further proceedings on the separate issue of section 1170.18, subdivision (c) should be ordered because our "deferral of submission for the filing of letter briefs seemingly did not contemplate full briefing of section 1170.18, subdivision (c)'s applicability."

10

We decline to order further proceedings, having already given defendant an opportunity to brief the issue. But our decision does not preclude defendant from filing a petition under section 1170.18, subdivision (a) to allow the trial court to "decide the threshold question whether he is eligible for resentencing." (*People v. Aparacio*, *supra*, 232 Cal.App.4th at p. 1077.)

DISPOSITION

The postjudgment order is affirmed without prejudice such that defendant may petition the trial court for relief under section 1170.18.

**CERTIFIED FOR PUBLICATION**

RYLAARSDAM, J.

WE CONCUR:

O'LEARY, P. J.

BEDSWORTH, J.