Filed 10/28/15  P. v. McKnight CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>KENNETH DEWAYNE MCKNIGHT,<br><br>      Defendant and Appellant. | No. B262315<br><br>(Los Angeles County<br>Super. Ct. No. VA131723) |

APPEAL from an order of the Superior Court of Los Angeles County, Marcelita V. Haynes, Judge.  Affirmed.

Trenton C. Packer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

**FACTUAL AND PROCEDURAL BACKGROUND**

After waiving his right to a preliminary hearing, Kenneth Dewayne McKnight pleaded no contest to second degree burglary of a vehicle (Pen. Code, § 459)[1] and admitted having suffered three prior serious or violent felony convictions for robbery within the meaning of the three strikes law (§§ 667, subds. (b)-(j); 1170.12), as alleged in a felony complaint. The trial court sentenced McKnight to an aggregate state prison term of 32 months, consisting of the lower term of 16 months for burglary, doubled under the three strikes law.[2] The court imposed various statutory fines, fees, and assessments and ordered McKnight to pay $1,669.41 in restitution to the victim.

McKnight filed a petition seeking to reduce his felony conviction for burglary of a vehicle to a misdemeanor under Proposition 47, the Safe Neighborhood and Schools Act (§ 1170.18). The trial court denied the petition, finding McKnight was not eligible for resentencing under Proposition 47. McKnight appealed.

We appointed counsel to represent McKnight on appeal. After examination of the record, counsel filed an opening brief raising no issues. On June 19, 2015 we advised McKnight he had 30 days to submit any contentions or issues he wanted us to consider. We have not received a response.

**DISCUSSION**

"'Proposition 47 created a new resentencing provision, section 1170.18, under which certain individuals may petition the superior court for a recall of sentence and request resentencing.'" (*People v. Smith* (2015) 234 Cal.App.4th 1460, 1468-1469.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the

---

[1] Statutory references are to the Penal Code.

[2] The record does not include a transcript of the plea hearing. It is unclear why the court sentenced McKnight as a second strike offender rather than as a third strike offender.

offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  A defendant may file a petition for a recall of sentence "if she or he is currently serving a felony sentence for an enumerated offense." (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 310.)  Section 1170.18, subdivision (a), lists the crimes for which a defendant may be eligible for resentencing.  McKnight's conviction for burglary of an automobile (§ 459) is not one of the enumerated offenses within the scope of Proposition 47.

We have examined the entire record and are satisfied the appellate attorney for McKnight has fully complied with the responsibilities of counsel and there are no arguable issues. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The order is affirmed.

SEGAL, J.

We concur:

PERLUSS, P. J.                                        BECKLOFF, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.