Filed 8/10/16  P. v. Reese CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>STACEY REESE,<br><br>    Defendant and Appellant. | B263415<br><br>(Los Angeles County<br>Super. Ct. No. TA119129) |

APPEAL from an order of the Superior Court of Los Angeles County, Joel M. Wallenstein, Judge.  Affirmed as modified.

Carlos Ramirez, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## FACTUAL AND PROCEDURAL BACKGROUND

Following his arrest on July 18, 2011, Stacey Reese waived his right to a preliminary hearing and pleaded guilty to possession of a controlled substance in violation of former Health and Safety Code section 11350, subdivision (a), in Los Angeles County Superior Court case No. TA119129.[1] On July 20, 2011 the trial court placed Reese on a program of deferred entry of judgment for 18 months. (See Pen. Code, §§ 1000.1, 1000.2).

On April 16, 2012 the trial court terminated Reese's participation in the deferred entry of judgment program, reinstated criminal proceedings, and entered judgment.[2] The court placed Reese on three years of formal probation on condition he serve 120 days in county jail.

On January 25, 2013 Reese was arrested for robbery after he displayed a weapon and stole a day laborer's lunch. On December 10, 2013, in case No. TA130762, Reese waived his right to a jury trial, pleaded no contest to second degree robbery, and admitted he had suffered one prior strike conviction for robbery. The trial court sentenced Reese to six years in state prison.

On July 10, 2014 Reese admitted he had violated his probation in case No. TA119129 as a result of his subsequent robbery conviction. The trial court revoked and terminated Reese's probation in that case, and sentenced him to eight months in state prison. The court ordered Reese to serve the eight-month sentence consecutively to the six-year sentence the court had imposed in case No. TA130762.

---

[1] The trial court struck allegations Reese had suffered two prior serious or violent felony convictions within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(j); 1170.12).

[2] The record does not reflect the reason the court terminated Reese's diversion from the deferred entry of judgment program.

On February 6, 2015 Reese petitioned in case No. TA119129 for recall of his felony sentence for possession of a controlled substance and for resentencing as a misdemeanant under Proposition 47, the Safe Neighborhoods and Schools Act. (Pen. Code, § 1170.18.) On February 23, 2015 the trial court granted the petition, reduced the offense to a misdemeanor under amended Health and Safety Code, section 11350, subdivision (a), and resentenced Reese on the misdemeanor offense to an eight-month term, to be served consecutively to the sentence in case No. TA130762. The court also agreed to the request by counsel for Reese that Reese serve his eight-month sentence "in any penal institution." Reese filed a timely notice of appeal.

## DISCUSSION

"Proposition 47, an initiative measure the electorate passed in November 2014, reduced certain drug-related and property crimes from felonies to misdemeanors. The measure also provided that, under certain circumstances, a person who had received a felony sentence for one of the reduced crimes could be resentenced and receive a misdemeanor sentence." (*People v. Morales* (2016) 63 Cal.4th 399, 403.) "'Proposition 47 created a new resentencing provision, [Penal Code] section 1170.18, under which certain individuals may petition the superior court for a recall of sentence and request resentencing.'" (*People v. Smith* (2015) 234 Cal.App.4th 1460, 1468-1469.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091; see *People v. Davis* (2016) 246 Cal.App.4th 127, 134 [Proposition 47 "'reduces penalties for certain offenders convicted of nonserious and nonviolent property and drug crimes' and 'allows certain offenders who have been previously convicted of such crimes to apply for reduced sentences'"].) Among these offenses is former Health and Safety Code section 11350, felony possession of a controlled substance. As amended by Proposition 47, and subject to certain exceptions not applicable here, possession of a controlled substance is now a misdemeanor, which

3

"shall be punished by imprisonment in a county jail for not more than one year." (Health & Saf. Code, § 11350.)

It is undisputed that Reese was eligible for Proposition 47 relief, and that the trial court properly granted his petition and imposed a misdemeanor sentence. In resentencing Reese, however, the court erroneously ordered him to serve his eight-month sentence in "any penal institution." Because the term "any penal institution" may include state prison, Reese contends, the People acknowledge,[3] and we agree that the misdemeanor sentence is unauthorized under amended Health and Safety Code section 11350, subdivision (a), which requires the defendant to serve his or her sentence in county jail. The error appears in the February 23, 2015 minute order, the transcript of the hearing, and the abstract of judgment.

## DISPOSITION

The eight-month consecutive sentence imposed on February 23, 2015 in case No. TA119129 is modified so that Reese is to serve the sentence in county jail, not in "any penal institution." The trial court is to prepare and forward to the Department of Corrections and Rehabilitation an amended resentencing order and abstract of judgment. As modified, the order is affirmed.


SEGAL, J.


We concur:


PERLUSS, P. J.                                    ZELON, J.

---

[3]     The People do not argue that by asking that Reese serve his sentence "in any penal institution," counsel for Reese waived his argument on appeal or invited the error he seeks to correct on appeal.

4