Filed 9/1/20  P. v. Velasquez CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B305543 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA384036) |
| v. | |
| RICARDO VELASQUEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Robert Perry, Judge.  Affirmed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In 2011, Velasquez pleaded no contest to attempted murder (Pen. Code, §§ 664, 187, subd. (a)),[1] admitted he used a firearm in its commission causing great bodily injury (§ 12022.53, subd. (d)), and admitted the crime was committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C), (b)(4)). He was sentenced to a base term of nine years, which was enhanced by 10 years for the firearm allegation and five years for the gang allegation.

In 2020, Velasquez filed a motion to modify his sentence, requesting the trial court strike the gang and firearm enhancements. The court summarily denied the motion.

Velasquez timely appealed.

Velasquez's appointed counsel on appeal filed an opening brief pursuant to *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*), requesting independent review of the record for arguable issues. We notified Velasquez by letter that he could submit any claims, arguments, or issues that he wished our court to review. Velasquez filed a response, contending both the firearm and gang enhancements should have been stricken.

Velasquez first contends that Senate Bill No. 620 (2017–2018 Reg. Sess.; SB 620) should apply retroactively to his case. We find his contention unavailing because the law is to the contrary, and well settled.

On January 1, 2018, SB 620 took effect, which amends section 12022.53, subdivision (h), to remove the prohibition against striking the gun use enhancements under this and other statutes. The amendment grants the trial court discretion to

---

[1]     All further statutory references are to the Penal Code, unless otherwise stated.

strike or dismiss an enhancement imposed under section 12022.53.  (Stats. 2017, ch. 682, § 2.)

The discretion to strike a firearm enhancement under section 12022.53 may be exercised as to any defendant whose conviction is not final as of the effective date of the amendment.  (See *In re Estrada* (1965) 63 Cal.2d 740, 742–748; *People v. Brown* (2012) 54 Cal.4th 314, 323.)  Velasquez entered his plea in 2011, and his case was final far before the January 1, 2018, effective date of SB 620.  (See *People v. Vieira* (2005) 35 Cal.4th 264, 305–306 ["a defendant generally is entitled to benefit from amendments that become effective while his case is on appeal"]; *People v. Smith* (2015) 234 Cal.App.4th 1460, 1465 ["[a] judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari have expired"]; see also *Bell v. Maryland* (1964) 378 U.S. 226, 230 ["[t]he rule applies to any such [criminal] proceeding which, at the time of the supervening legislation, has not yet reached final disposition in the highest court authorized to review it"].)

Velasquez also contends insufficient evidence supports the gang enhancement, and it should have been dismissed in the interests of justice.  This is not an appeal from the initial plea and sentencing; it is an appeal from the denial of his request for resentencing.  His arguments, therefore, are untimely.  (See *People v. Webb* (1986) 186 Cal.App.3d 401, 410 [a defendant cannot attack his convictions in connection with an appeal following resentencing]; Cal. Rules of Court, rule 8.308(a) ["a notice of appeal . . . must be filed within 60 days after the rendition of the judgment or the making of the order being appealed].)

**DISPOSITION**

The order is affirmed.

BIGELOW, P. J.

We concur:

GRIMES, J.

WILEY, J.