Filed 12/10/20  P. v. Torres CA2/8
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>VICTOR TORRES,<br><br>      Defendant and Appellant. | B292495<br><br>(Los Angeles County<br>Super. Ct. No. BA451597) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Richman, Judge.  Conditionally reversed and remanded with directions.

Aurora Elizabeth Bewicke, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kim Aarons and Shezad H. Thakor, Deputy Attorneys General, for Plaintiff and Respondent.

————————————————

The California Supreme Court has directed us to reconsider this matter in light of its recent decision in *People v. Frahs* (2020) 9 Cal.5th 618, 631 (*Frahs*), which holds pretrial mental health diversion under Penal Code sections 1001.35 and 1001.36[1] may be retroactively applied to cases in which the judgment is not yet final. Victor Torres's case is not yet final and he seeks remand of this matter for a pretrial diversion hearing. We follow *Frahs* to conditionally reverse the judgment and remand the matter for this limited purpose.

Torres also contends his one-year prior prison term enhancement (§ 667.5, subd. (b)) should be stricken and the matter remanded for the trial court to exercise its discretion to strike his five-year serious felony enhancement (§ 667, subd. (a)(1)). We agree Torres is entitled to resentencing as to those enhancements. However, resentencing should occur only if Torres is found ineligible for mental health diversion or if he fails to successfully complete the diversion program.

Lastly, Torres asserts remand is warranted to allow him the opportunity to request a hearing under *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) regarding his ability to pay the imposed fines and fees. We previously determined Torres forfeited this issue and decline to reconsider our holding.

## PROCEDURAL BACKGROUND

A jury convicted Torres of assault with a semi-automatic firearm (§ 245) and negligent discharge of a firearm (§ 246.3). It also found true Torres personally used a firearm in the commission of the assault (§ 12022.5, subd. (a)). In a bifurcated trial, the court found Torres had suffered a prior prison term

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

(§ 667.5, subd. (b)) and a serious felony conviction (§ 667, subd. (a)(1)). The trial court sentenced Torres to a total term of 22 years and four months. The trial court selected the assault conviction as the base term and imposed the midterm of six years, doubled to 12 years due to the strike, plus four years for the firearm enhancement. As to the negligent discharge conviction, the trial court imposed a term of eight months (one-third the midterm), doubled to 16 months due to the strike, plus five years for the prior felony conviction, to run consecutively to the base term. The trial court imposed and stayed a one-year sentence for the prior prison term enhancement pursuant to section 654.

The trial court further ordered Torres to pay an $80 court operation assessment (§ 1465.8), a $60 conviction assessment (Gov. Code, § 70373), and $300 in restitution (§ 1202.4, subd. (b)). A further $300 parole restitution fine was imposed and suspended under section 1202.45.

On appeal, we affirmed the convictions but remanded the matter to allow the trial court to exercise its discretion to strike or dismiss the firearm enhancement under section 12022.5, subdivision (c). At the resentencing hearing, the trial court declined to do so. Torres appealed. In the second appeal, Torres argued remand was necessary for the trial court to exercise its discretion to: (1) order pretrial mental health diversion pursuant to section 1001.36; (2) impose or strike a serious felony enhancement pursuant to Senate Bill No. 1393 (2017–2018 Reg. Sess.) (SB 1393); and (3) hold a hearing to determine his ability to pay various fines, fees, and assessments pursuant to *Dueñas, supra,* 30 Cal.App.5th 1157.

In an unpublished opinion dated October 10, 2019, we again affirmed the convictions. We held section 1001.36 was not retroactive and declined to remand Torres's case for a diversion hearing. We found Torres was entitled to resentencing pursuant to SB 1393 but determined he had forfeited his claims under *Dueñas* because he failed to request an ability-to-pay hearing at the time the fines and fees were imposed. (*People v. Torres* (Oct. 10, 2019, B292495) [nonpub. opn.].)

In a petition for rehearing, Torres sought additional relief from then-newly passed Senate Bill No. 136 (2019–2020 Reg. Sess.) (SB 136), which eliminated most prior prison term enhancements under section 667.5, subdivision (b). Because SB 136 was not yet in effect, we denied the petition for rehearing but advised Torres to raise the issue after its effective date of January 1, 2020, "by whatever procedural means that may be available at that time." (*People v. Torres* (Oct. 21, 2019, B292495) [nonpub. order].)

Torres petitioned the Supreme Court for review. The court granted review and deferred further action pending its "consideration and disposition of a related issue in *People v. Frahs*, S252220." On June 18, 2020, the high court issued its decision in *Frahs, supra,* 9 Cal.5th at page 631. It then transferred the matter to this court with directions to vacate the October 10, 2019 decision and to reconsider the cause in light of *Frahs*.

## DISCUSSION

### I. Mental Health Diversion Is Retroactive

Torres relies on *Frahs* to argue remand is necessary for the trial court to conduct a hearing to determine his eligibility for pretrial mental health diversion. The People oppose, arguing

4

Torres has failed to demonstrate he suffers from a qualifying mental illness, and remand would be futile because the trial court has clearly stated Torres presents a danger to society. We follow *Frahs* and remand the matter for a diversion hearing pursuant to section 1001.36.

### A. The Pretrial Mental Health Diversion Statute

Section 1001.36 authorizes pretrial diversion for defendants with qualifying mental disorders. " '[P]retrial diversion' means the postponement of prosecution, either temporarily or permanently, at any point in the judicial process from the point at which the accused is charged until adjudication, to allow the defendant to undergo mental health treatment." (§ 1001.36, subd. (c).)

A trial court may grant pretrial diversion under section 1001.36 if the court finds: (1) the defendant suffers from a qualifying mental disorder; (2) the mental disorder played a significant role in the commission of the charged offense; (3) a qualified mental health expert opines the defendant's symptoms will respond to treatment; (4) the defendant consents to diversion and waives his or her speedy trial rights; (5) the defendant agrees to comply with the treatment as a condition of diversion; and (6) the defendant will not pose an unreasonable risk of danger to public safety, as defined in section 1170.18, if he is treated in the community. (§ 1001.36, subd. (b)(1)(A)–(F).) Pretrial diversion is not available to defendants charged with murder, voluntary manslaughter, certain enumerated sex offenses, and certain offenses involving the use of weapons of mass destruction. (§ 1001.36, subd. (b)(2)(A)–(H).)

5

If the trial court grants pretrial diversion and the defendant performs "satisfactorily in diversion, at the end of the period of diversion, the court shall dismiss the defendant's criminal charges that were the subject of the criminal proceedings at the time of the initial diversion." (§ 1001.36, subd. (e).) If the defendant does not perform satisfactorily in diversion, including by committing new crimes, the court may reinstate criminal proceedings. (§ 1001.36, subd. (d).)

In *Frahs, supra,* 9 Cal.5th at page 631, the Supreme Court held the pretrial mental health diversion statute applies retroactively to those cases that were not yet final at the time the statute became effective. There, the defendant's case was not final and "[t]here [was] evidence in the record that appear[ed] to support the first of the statute's threshold eligibility requirements, and one other besides." (*Id.* at p. 640.) A clinical and forensic psychologist testified the defendant suffered from a qualifying mental disorder and opined that his criminal behavior was a consequence of this disorder. (*Ibid.*)

As a result, the Court of Appeal conditionally reversed the defendant's convictions and sentence and directed the trial court on remand to make an eligibility determination regarding pretrial diversion. (*Frahs, supra,* 9 Cal.5th at p. 637.) It " 'instruct[ed] the trial court — as nearly as possible — to retroactively apply the provisions of section 1001.36, as though the statute existed at the time [defendant] was initially charged.' " (*Ibid.*) It further provided: " 'If the trial court finds that [defendant] suffers from a mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets the six statutory criteria (as nearly as possible given the postconviction procedural posture of this case), then the court

6

may grant diversion. If [defendant] successfully completes diversion, then the court shall dismiss the charges. However, if the court determines that [defendant] does not meet the criteria under section 1001.36, or if [defendant] does not successfully complete diversion, then his convictions and sentence shall be reinstated.' " (*Id*. at p. 638.) The Supreme Court agreed with the Court of Appeal and adopted its disposition. (*Id*. at p. 641.)

## B. Remand Is Warranted For a Pretrial Diversion Hearing

As in *Frahs*, remand is warranted for the trial court to conduct a pretrial diversion hearing. Torres's case is not yet final on appeal. (*People v. Smith* (2015) 234 Cal.App.4th 1460, 1465 ["[a] judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari have expired"]; see also *Bell v. Maryland* (1964) 378 U.S. 226, 230 ["[t]he rule applies to any such [criminal] proceeding which, at the time of the supervening legislation, has not yet reached final disposition in the highest court authorized to review it"].)

Moreover, the record discloses Torres may meet at least one of the threshold requirements: suffering from a qualifying mental disorder. (*Frahs, supra,* 9 Cal.5th at p. 637.) Section 1001.36, subdivision (b)(1)(A) defines a qualifying mental disorder as one that is "identified in the most recent edition of the Diagnostic and Statistical Manual of Mental Disorders [DSM], including, but not limited to, bipolar disorder, schizophrenia, schizoaffective disorder, or post-traumatic stress disorder, but excluding antisocial personality disorder, borderline personality disorder, and pedophilia. Evidence of the defendant's mental disorder shall be provided by the defense and shall include a recent diagnosis by a qualified mental health expert. In opining

7

that a defendant suffers from a qualifying disorder, the qualified mental health expert may rely on an examination of the defendant, the defendant's medical records, arrest reports, or any other relevant evidence."

Here, the probation report alerts the reader to "additional information below: indication/admission of significant substance abuse problem." The "additional information" discloses that the police report indicated Torres appeared to be under the influence of a narcotic at the time of the offense and had prior drug-related convictions. The report concluded, "Both of these matters indicated the defendant struggle[d] with substance abuse issues." The record also discloses Torres was shot three times in the head in a prior incident, requiring brain surgery. His parents advised the court that Torres's drug and mental health problems led him to make bad decisions. According to Torres, DSM-identified mental disorders include "Substance-Related and Addictive Disorders," "Trauma- and Stressor-Related Disorders," and "Major or Mild Neurocognitive Disorder Due to Traumatic Brain Injury."[2]

The People do not dispute that Torres struggles with substance abuse or that he had brain surgery as a result of a traumatic incident. Nor do they dispute these may be qualifying mental disorders under section 1001.36, subdivision (b)(1)(A).

---

[2] Torres cites to an online version of the fifth edition of the DSM set out by the American Psychiatric Association. (See American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* (5th ed.) <https://doi.org/10.1176/appi.books.9780890425596.dsm16> [as of Dec. 10, 2020].) While Torres does not properly seek judicial notice of the DSM's relevant portions, the People do not dispute Torres's assertion that these disorders are listed in the DSM.

They contend instead that *Frahs* requires a formal diagnosis from a qualified mental health expert at this stage of the proceedings. We disagree that is what *Frahs* requires for a conditional reversal and limited remand.

In *Frahs*, the defendant testified he heard voices and saw a flying horse shortly before he committed the charged offense. A clinical and forensic psychologist testified the defendant had been diagnosed with schizoaffective disorder, and that his criminal conduct was a byproduct of a psychotic episode. (*Frahs, supra,* 9 Cal.5th at p. 625.) Although there was a formal diagnosis in *Frahs,* the court did not expressly require one in all cases. Indeed, the court rejected the People's position that the defendant must satisfy all six threshold eligibility requirements before an appellate court may remand the case for a diversion eligibility hearing. It instead acknowledged, "When, as here, a defendant was tried and convicted before section 1001.36 became effective, the record on appeal is unlikely to include information pertaining to several eligibility factors, such as whether the defendant consents to diversion (§ 1001.36, subd. (b)(1)(D)), agrees to comply with treatment as a condition of diversion (*id*., subd. (b)(1)(E)), or has provided the opinion of a qualified mental health expert that the defendant's symptoms would respond to mental health treatment (*id*., subd. (b)(1)(C))." (*Id.* at p. 638.)

The Supreme Court concluded "that a conditional limited remand for the trial court to conduct a mental health diversion eligibility hearing is warranted when, as here, the record affirmatively discloses that the defendant <u>appears</u> to meet at least the first threshold eligibility requirement for mental health diversion — the defendant suffers from a qualifying mental disorder [citation]." (*Frahs, supra,* 9 Cal.5th at p. 640,

9

underlining added.)  Thus, it approved the Court of Appeal's instruction to the trial court " 'as nearly as possible [ ] to retroactively apply the provisions of section 1001.36, as though the statute existed at the time [defendant] was initially charged.' "  (*Id.* at p. 637.)  Given this reasoning from the *Frahs* court, it is clear a formal diagnosis is not required at this stage of the proceedings.  Otherwise, Torres would not simply "appear" to meet the first threshold eligibility requirement but would actually have met that requirement.

Next, the People argue it would be futile to remand for a mental health diversion hearing because the trial court stated at the original sentencing hearing:  "I do find the defendant has engaged in violent conduct that indicates serious danger to society."  The People interpret this statement to mean the trial court would find Torres poses an unreasonable danger to society.  We are not persuaded the trial court's statement "clearly" indicates it would make that finding at a diversion hearing.  (See *Frahs, supra,* 9 Cal.5th at p. 640 ["Because this case does not present such an issue, we do not address the question of whether an appellate court may also decline a defendant's remand request when the record clearly indicates the trial court would have found the defendant 'pose[s] an unreasonable risk of danger to public safety' [citation] and is therefore ineligible for diversion."].)  The trial court's statement, tracking the language of rule 4.421(b)(1) of the California Rules of Court, was made within the context of its consideration of the factors in aggravation at sentencing.  The trial court's finding under rule 4.421(b)(1) does not equate to a finding of unreasonable risk of danger to public safety under section 1001.36, subd. (b)(1)(F).

10

## II. Resentencing Shall Occur Only If Torres Is Found Ineligible for Pretrial Diversion or Does Not Successfully Complete Diversion

At his initial sentencing hearing in 2017, the trial court imposed and stayed a one-year prior prison term enhancement pursuant to section 667.5, subdivision (b). On October 8, 2019, the Governor signed SB 136. SB 136 amended section 667.5, subdivision (b) to require the one-year enhancement be imposed only if the defendant's prior prison term was "for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code." (Stats. 2019, ch. 590, § 1.) SB 136 became effective on January 1, 2020, and applies retroactively to all defendants whose judgments are not yet final as of that date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 340–342 (*Lopez*); *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.)

On October 21, 2019, we denied Torres's request for relief under SB 136 because it was not yet in effect. Torres now renews his request for this court to strike his one-year prior prison term enhancement pursuant to SB 136. The People concede, and we agree, the enhancement should be stricken because Torres's case is not yet final and his conviction was not for a sexually violent offense. (*Lopez, supra,* 42 Cal.App.5th at pp. 340–342.)

We do not now strike the enhancement, however, because this matter will be remanded for a pretrial diversion hearing. If the trial court grants mental health diversion and Torres successfully completes diversion, the court shall dismiss the charges and the issue of the enhancement becomes moot. If the trial court determines Torres is ineligible for mental health diversion, he commits another crime, or otherwise does not successfully complete diversion, his convictions will be reinstated.

11

At that time, the trial court shall conduct a resentencing hearing and strike the one-year prior prison term enhancement pursuant to SB 136 and also exercise its discretion to strike the five-year serious felony enhancement pursuant to SB 1393.[3]

## III. Torres Forfeited His Challenge to the Fines, Fees, and Assessments

Torres urges us to reconsider our previous determination that he forfeited his challenge to the fines, fees, and assessments under *Dueñas, supra,* 30 Cal.App.5th 1157 and *People v. Castellano* (2019) 33 Cal.App.5th 485. We decline to do so. Torres asserts *Frahs* and *People v. Perez* (2020) 9 Cal.5th 1, 4 (*Perez*) lend new support to his argument that he did not forfeit the issue. *Frahs* does not address forfeiture and does not hold that the principles of statutory retroactivity apply to case law or to fines, fees, and assessments. (See *Frahs, supra,* 9 Cal.5th 618.) *Perez* addresses forfeiture of a confrontation clause objection related to expert basis testimony. (*Perez, supra,* 9 Cal.5th at p. 4.) Neither *Frahs* nor *Perez* requires us to revisit our previous determination.

---

[3] We adopt our previous holding that Torres is entitled to remand to allow the trial court to exercise its discretion under SB 1393. The trial court has yet to conduct a sentencing hearing for this purpose because the matter was pending review in the Supreme Court.

## DISPOSITION

Torres's convictions and sentence are conditionally reversed. The matter is remanded with the following instructions for the trial court in considering defendant's eligibility for diversion under section 1001.36: If the trial court finds Torres suffers from a qualifying mental disorder, does not pose an unreasonable risk of danger to public safety, and otherwise meets all of the statutory criteria set forth in section 1001.36, then the court may grant mental health diversion in accordance with the statutory scheme. If Torres successfully completes diversion, then the court shall dismiss the charges.

However, if the court determines Torres does not meet the criteria under section 1001.36, or if Torres does not successfully complete mental health diversion, including by committing new crimes, then his convictions shall be reinstated. In the event his convictions are reinstated, the trial court shall conduct a sentencing hearing in which it shall strike the one-year prior prison term enhancement under section 667.5, subdivision (b) and decide whether to strike the five-year enhancement pursuant to section 667, subdivision (a)(1). The trial court shall thereafter prepare and forward a new abstract of judgment to the Department of Corrections and Rehabilitation.

BIGELOW, P. J.

We Concur:

GRIMES, J.          STRATTON, J.

13