Filed 8/9/21  P. v. Magana CA5

<u>**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FERNANDO MAGANA,<br><br>Defendant and Appellant. | F080638<br><br>(Madera Super. Ct. No. MCR046034B)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Thomas L. Bender, Judge.

Victoria H. Stafford, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, Acting P.J., Meehan, J. and De Santos, J.

## INTRODUCTION

In April 2016, appellant and defendant Fernando Magana was sentenced to 25 years 10 months in state prison pursuant to a negotiated disposition where he pleaded guilty to robbery, attempted robbery, attempted murder, and the substantive gang offense; the court dismissed several other felony offenses. He was 15 years old when he committed the offenses in 2013. He did not file a notice of appeal.

In this matter, he filed a petition for writ of habeas corpus with the superior court and requested a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261, to make a record of mitigating evidence for a future parole hearing. The superior court granted the motion, held the hearing, and admitted appellant's requested evidence.

Appellant has filed the instant notice of appeal from the *Franklin* hearing. On appeal, his appellate counsel filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant filed a letter brief and claimed the court should have granted a request he allegedly made during the *Franklin* hearing, that his case should be transferred to juvenile court, and he should be released based on the provisions of Senate Bill No. 1391 (2017–2018 Reg. Sess.) (Senate Bill 1391) and Proposition 57, the Public Safety and Rehabilitation Act of 2016 (Proposition 57), that became effective after his case was final. We affirm.

## PROCEDURAL HISTORY

On November 24, 2015, a first amended information and a consolidated grand jury indictment was filed in the Superior Court of Madera County case No. MCR046034A through F (consolidating it with case No. MCR051483), alleging that appellant Magana and codefendants Nicholas Castrejon, Ricardo Cendejas, William Fraire, and Elmer Gutierrez, committed 19 felony offenses in January 2013, including robbery, attempted robbery, carjacking, attempted carjacking, and attempted murder against multiple

victims, with firearm and gang enhancements; plus three additional counts committed by codefendants Castrejon and Cendejas in September and October 2014.

Appellant was charged with committing eight counts of attempted robbery (Pen. Code, §§ 664, 211);[1] three counts of carjacking (§ 215, subd. (a)); five counts of robbery (§ 211); one count of attempted murder (§§ 664, 187, subd. (a)); one count of attempted carjacking (§§ 664, 215, subd. (a)); with firearm and gang enhancements; and one count of active participation in a criminal street gang (§ 186.22, subd. (a)).

It was further alleged that when appellant committed offenses listed in Welfare and Institutions Code section 707, subdivision (b), he was a person 14 years of age or older, in that he was 15 years old, within the meaning of Welfare and Institutions Code section 707, subdivision (d)(2)(C)(ii), and the offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (f)).

**Plea**

On March 21, 2016, appellant entered into a negotiated disposition and pleaded guilty in case No. MCR046034B to count 3, robbery of Richard Sandoval on January 21, 2013; count 6, attempted murder of Muhktar Singh on January 22, 2013; and count 18, attempted carjacking of Jesse Madrigal on January 24, 2013. He admitted gang enhancements for these three counts (§ 186.22, subd. (b)(1)) and also pleaded guilty to count 19, active participation in a criminal street gang (§ 186.22, subd. (a)), for an indicated maximum term of 25 years 10 months in state prison and dismissal of the other charges and allegations.

The parties stipulated to a factual basis for appellant's pleas based on the grand jury transcript of April 18, 2013, and testimony in the trial of codefendant Castrejon.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

**Sentencing hearing**

On April 18, 2016, the court conducted appellant's sentencing hearing in case No. MCR046034B. The court sentenced appellant to an aggregate term of 25 years 10 months in prison, consistent with the negotiated disposition: the upper term of nine years for count 6, attempted murder, plus 10 years for the gang enhancement (§ 186.22, subd. (b)(1)(C)); a consecutive term of one year (one-third the midterm) for count 3, robbery, plus three years four months (one-third the midterm of 10 years) for the gang enhancement (*ibid.*); and 10 months (one-third the midterm) for count 18, attempted carjacking, plus 20 months (one-third the midterm of five years) for the gang enhancement (*id.*, subd. (b)(1)(B)); and stayed the term for count 19. The court dismissed the remaining counts and special allegations.

Appellant did not file a notice of appeal.

**First writ petition (Case No. MCR058617A)**

On February 26, 2018, appellant filed a petition for writ of habeas corpus in the Superior Court of Madera County (case No. MCR058617A) to set aside his plea in case No. MCR046034B, and to transfer the matter to juvenile court for a hearing because he was 15 years of age at the time of his plea and unable to understand the nature and circumstances of his plea.

On March 6, 2018, the superior court denied the petition because it was untimely and failed to set forth a prima facie claim for relief.

*Dismissal of appeal*

On April 10, 2018, appellant filed a notice of appeal with this court (case No. F077324), from the superior court's denial of his petition for habeas relief in case No. MCR058617. On May 7, 2018, this court requested further briefing from the parties as to whether the superior court's order was an appealable order.

4.

On July 27, 2018, this court dismissed the appeal because the superior court's order was not appealable. On July 31 and August 2, 2018, this court filed amended and corrected orders that denied appellant's request for a certificate of probable cause.[2]

**Second writ petition (case No. MCR058617)**

On April 25, 2018, appellant filed a new petition for writ of habeas corpus in Madera County Superior Court (case No. MCR058617), requested a "*Franklin* hearing to mitigate the record," (capitalization omitted) and argued he was entitled to a hearing to make a record of mitigating evidence for future parole proceedings since he was a minor when he committed the offenses. Defendant also argued that his plea agreement must be set aside because he was convicted and sentenced in violation of the federal Armed Career Criminal Act (18 U.S.C. § 924).

On May 1 and 25, 2018, the superior court denied defendant's federal claim because it was untimely, it was not supported by documentary evidence, and the issue could have been raised on direct appeal.

As for his request for a *Franklin* hearing, the court requested the Attorney General file an informal reply. The Attorney General deferred to the Madera County District Attorney's Office. On June 25, 2018, the district attorney agreed appellant was entitled to a *Franklin* hearing.

On August 22, 2018, the superior court granted appellant's petition for a *Franklin* hearing and set the matter on calendar.

---

**2** On September 17, 2018, appellant filed, in pro. per., a petition for writ of habeas corpus with this court (case No. F078106), relative to superior court case No. MCR046034B, to set aside his plea and remand the matter for a juvenile transfer hearing pursuant to Proposition 57. On October 1, 2018, this court filed an order that denied appellant's petition without prejudice to filing a new petition in superior court.

On May 6, 2019, the court denied appellant's motion to discharge his attorney pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 and granted counsel's motion for appointment of an expert to examine appellant for purposes of the *Franklin* hearing.

On October 18, 2019, the superior court conducted the *Franklin* hearing, received appellant's documentary evidence, ordered the evidence placed in appellant's state prison file for purposes of a future parole hearing, and adjourned the matter.

**Notice of appeal**

On December 15, 2019, appellant, in pro. per., sent a notice of appeal to the superior court in case No. MCR046034B, seeking to appeal from the court's order of October 18, 2019, as follows: "This appeal is after a '*Franklin* hearing,' during which [appellant] expressly asked the sentencing court to consider a matter related to" Welfare and Institutions Code section 707 and Senate Bill No. 1391, "given that [appellant] was under 16 years old, mandating juvenile court jurisdiction."[3] (Capitalization omitted.)

## DISCUSSION

As noted above, on January 14, 2021, appellant's counsel filed a *Wende* brief in the instant appeal regarding superior court case No. MCR046034B. The brief also includes the declaration of appellate counsel indicating that appellant was advised he could file his own brief with this court.[4]

---

[3] The record contains a declaration from the clerk of the superior court, that appellant's notice of appeal was timely pursuant to the provisions of California Rules of Court, rule 8.25(b)(5): "If the clerk receives a document by mail from an inmate or a patient in a custodial institution after the period for filing the document has expired but the envelope shows that the document was mailed or delivered to custodial officials for mailing within the period for filing the document, the document is deemed timely. The clerk must retain in the case file the envelope in which the document was received."

[4] On February 9, 2021, appellant filed a letter with this court and requested discharge of appellate counsel and appointment of a new attorney. On February 18, 2021, this court denied appellant's request, and forwarded his letter and this court's order to his attorney with directions to communicate with her client. On March 18, 2021, appellate counsel advised this court that she communicated with her client.

**Appellant's supplemental brief**

By letter on January 14, 2021, we invited appellant to submit additional briefing.

On February 17, 2021, appellant filed a supplemental brief with this court, and argued that his case should be remanded to the juvenile court for a transfer hearing pursuant to Welfare and Institutions Code section 707, subdivision (b), Senate Bill No. 1391, Proposition 57, and *People v. Lara* (2018) 4 Cal.5th 299 (*Lara*). Appellant argued he was 15 years old when he committed the offenses, he was charged directly in superior court and not in juvenile court and, as a result of the two new laws, his case should be transferred to juvenile court and he should be released.

**Analysis**

Assuming, but not deciding whether appellant preserved issues regarding Proposition 57 and Senate Bill 1391 for purposes of this appeal, his appellate claims lack merit.[5]

"Proposition 57, passed in the November 2016 general election …, requires prosecutors to commence all cases involving a minor in juvenile court. 'Proposition 57 is an "ameliorative change[] to the criminal law" ' that 'the legislative body intended "to extend as broadly as possible." ' [Citation.] … As originally enacted, Proposition 57 allowed prosecutors to move to transfer some minors as young as 14 from juvenile court to adult criminal court. Senate Bill No. 1391 (2017–2018 Reg. Sess.) …, enacted in 2018, amended Proposition 57 to prohibit minors under the age of 16 from being transferred to adult criminal court. [Citation.]" (*O.G. v. Superior Court* (2021) 11 Cal.5th 82, 87.)

Proposition 57 became effective on November 9, 2016, and applies retroactively to cases where the judgments were not final before the law went into effect. (*Lara*,

---

[5] Appellant filed the instant notice of appeal from the superior court's decision to grant his habeas request to conduct a *Franklin* hearing. Appellant did not raise Proposition 57 and/or Senate Bill 1391 in the petition that requested the *Franklin* hearing.

*supra*, 4 Cal.5th at pp. 303–304, 307.)  Senate Bill 1391 was enacted in September 2018, it became effective on January 1, 2019, and it is similarly retroactive to cases where the judgments were not final before the law went into effect.  (Stats. 2018, ch. 1012, § 1 [enacting Senate Bill 1391]; see *C.S. v. Superior Court* (2018) 29 Cal.App.5th 1009, 1038.)

For purposes of determining whether an ameliorative statute applies retroactively, the " '[t]he key date is the date of final judgment.  If the amendatory statute lessening punishment becomes effective prior to the date the judgment of conviction becomes final then, in our opinion, it, and not the old statute in effect when the prohibited act was committed, applies.' [Citation.]"  (*People v. Vieira* (2005) 35 Cal.4th 264, 305–306.)

"In a criminal case, judgment is rendered when the trial court orally pronounces sentence.  [Citations.]"  (*People v. Karaman* (1992) 4 Cal.4th 335, 344, fn. 9.)  The sentence in a criminal case is the judgment.  (*People v. Wilcox* (2013) 217 Cal.App.4th 618, 625.)

"A judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari have expired.  [Citation.]"  (*People v. Smith* (2015) 234 Cal.App.4th 1460, 1465; *People v. Viera, supra*, 35 Cal.4th at p. 306.)  Under California Rules of Court, rule 8.308(a), a judgment becomes final if the defendant does not appeal within 60 days.  (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1420–1421; *People v. Bunn* (2002) 27 Cal.4th 1, 21 [a judgment becomes final when the time for appealing an inferior court decision has expired]; *People v. Mendez* (1999) 19 Cal.4th 1084, 1094 [to appeal from a judgment of conviction, a defendant must file a notice of appeal within 60 days after rendition of judgment].)

Appellant was sentenced to state prison on April 18, 2016, and there is nothing in the instant record to indicate that he filed a notice of appeal, a petition for review before the California Supreme Court, or a petition for writ of certiorari with the United States

Supreme Court from the judgment of conviction. As a result, his judgment became final 60 days later, on June 17, 2016, before either law became effective.

Appellant subsequently filed petitions for habeas relief in 2018, one of which was granted to conduct a *Franklin* hearing in 2019. Even if he raised issues related to Proposition 57 and/or Senate Bill 1391 in that proceeding, he is not entitled to relief under either law since the judgment in his case had long been final.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.